UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JAMES M. ASSEY AND JOAN P. ASSEY,<br><br>Plaintiffs,<br><br>vs.<br><br>HONDA MOTOR COMPANY, LTD, AMERICAN HONDA MOTOR CO., INC., HONDA R&D CO., LTD., AND HONDA OF AMERICA MANUFACTURING, INC.<br><br>Defendants. | Civil Action No. 3:22-cv-02647-MGL<br><br>**PERSONAL INJURY<br>PRODUCTS LIABILITY ACTION**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COME NOW PLAINTIFFS, James M. Assey and Joan P. Assey, by and through their undersigned Counsel of Record and pursuant to the Federal Rules of Civil Procedure, and files this Complaint for Damages against the Defendants American Honda Motor Co., Inc., Honda Motor Company, Honda R&D Co., Ltd., and Honda of America Manufacturing, Inc. to show the Court as follows:

### NATURE OF THE ACTION

1. This is a civil action arising out of serious, permanent, life scarring and crash personal injuries sustained by the Plaintiff, James M. Assey (hereinafter "Mr. Assey"), and his wife Joan P. Assey (hereinafter "Mrs. Assey") for her authorized damages, on June 16, 2021, in Richland County, South Carolina, following a foreseeable rear-end automobile collision that resulted in the ejection of the driver's seat head restraint installed in their 2020 Honda Odyssey, Vehicle Identification Number ("VIN") 5FNRL6H74LB003816 ("the Subject Vehicle").

2. Plaintiff, Mr. Assey, brings this automotive products liability and personal injury action for his damages sustained, including but not limited to pain, suffering, and loss of enjoyment of life, as well as for punitive damages.

3. This products liability action includes claims for general negligence, gross negligence, reckless conduct, and strict liability in tort. The claims asserted herein arise out of the design, selection, inspection, testing, manufacture, assembly, equipping, marketing, distribution, and sale of an uncrashworthy, defective, and unreasonably dangerous automobile and automobile occupant protection system, including the driver's seat system, and specifically the driver's head restraint.

4. Additionally, Plaintiff Joan P. Assey, wife to Mr. Assey, brings an independent claim in her own capacity for loss of services, society, companionship, and marital consortium as a result of the injuries to Mr. Assey directly and proximately caused by the Defendants' tortious actions, inactions and omissions. Unless otherwise specified, Plaintiff Mr. Assey and Plaintiff Mrs. Assey shall be collectively referred to as "Plaintiffs."

## THE PARTIES, JURISDICTION, AND VENUE

5. At all times relevant herein, Plaintiffs Mr. and Mrs. Assey (collectively "Plaintiffs") are and were citizens of the State of South Carolina, residing in Columbia, Richland County, South Carolina.

6. At all times relevant herein, Defendant Honda Motor Co., Ltd. ("Honda Motor") is and was a foreign for-profit corporation organized and existing under the laws of Japan with its principal place of business at 2-1-1, Minami-Aoyama, Minato-ku, Tokyo 107-8556, Japan. Honda Motor manufactures and sells motorcycles, automobiles, and power products through its related subsidiaries and/or operating units, including but not limited to Honda R & D Co., Ltd., American Honda Motor Co., Inc., and Honda of America, Mfg., Inc., independent retail dealers,

outlets, and authorized dealerships primarily in Japan, North America, Europe, and Asia, including the Subject Vehicle. Honda Motor has been directly involved in the safety investigation and determinations made as to the motor vehicle safety issues arising from the defective and unreasonably dangerous condition of certain Honda brand vehicles it designs, manufactures and distributes for sale to the consuming public, including the Subject Vehicle. At all times relevant herein, Honda Motor has purposefully availed itself of the privilege of conducting business in the State of South Carolina, has conducted substantial business in the State of South Carolina, regularly caused its products to be sold in the State of South Carolina, and the cause of action arises out of a tort committed in the State of South Carolina and, therefore, personal jurisdiction is proper under South Carolina Code § 36-2-802, South Carolina Code § 36-2-803 and Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

7.     At all times relevant herein, Defendant Honda R & D Co., Ltd. ("Honda R&D") is and was a foreign for-profit corporation organized and existing under the laws of Japan with its principal place at Wako Research Center, 1-4-1 Chuo, Wako 351-0113, Japan. Honda R&D is a subsidiary of Honda Motor, works in conjunction with American Honda Motor Co., Inc., and Honda of America, Mfg., Inc., is responsible for the research, design and development of certain aspects of Honda brand vehicles, including testing and developing safety technologies for same, primarily in Japan, North America, Europe, and Asia, including the subject Vehicle. At all times relevant herein, Honda R&D has purposefully availed itself of the privilege of conducting business in the State of South Carolina, has conducted substantial business in the State of South Carolina, regularly caused its products to be sold in the State of South Carolina, and the cause of action arises out of a tort committed in the State of South Carolina and, therefore, personal

jurisdiction is proper under South Carolina Code § 36-2-802, South Carolina Code § 36-2-803 and Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

8. At all times relevant herein, Defendant American Honda Motor Co., Inc. ("American Honda") is and was a California corporation and a subsidiary of Honda Motor, headquartered in Torrance, California with its principal place of business at 1919 Torrance Blvd. Torrance, California 90501. American Honda designs, manufactures, assembles, tests, markets, promotes, advertises, distributes and sells Honda Motor and/or Honda brand cars, trucks, and sport utility vehicles in the United States, including the subject Vehicle. Defendant American Honda has a Certificate of Authority to Transact Business in South Carolina and may be served by and through its registered agent for service of process at Corporation Service Company, 508 Meeting Street, West Columbia, South Carolina 29169. At all times relevant herein, American Honda has purposefully availed itself of the privilege of conducting business in the State of South Carolina, has conducted substantial business in the State of South Carolina, regularly caused its products to be sold in the State of South Carolina, and the cause of action arises out of a tort committed in the State of South Carolina and, therefore, personal jurisdiction is proper under South Carolina Code § 36-2-802, South Carolina Code § 36-2-803 and Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

9. At all times relevant herein, Defendant Honda of America, Mfg., Inc. ("Honda Mfg.") is and was an Ohio corporation and subsidiary of a subsidiary of Honda Motor, headquartered in Marysville, Ohio with its principal place of business at 24000 Honda Pkwy, Marysville, Ohio 43040. Honda Mfg. designs, manufactures, assembles, tests, markets, promotes, advertises, distributes and sells Honda Motor and/or Honda brand cars, trucks, and sport utility vehicles in

the United States, including the Subject Vehicle. Defendant Honda Mfg. has a Certificate of Authority to Transact Business in South Carolina and may be served by and through its registered agent for service of process at Corporation Service Company, 508 Meeting Street, West Columbia, South Carolina 29169. At all times relevant herein, Honda Mfg. has purposefully availed itself of the privilege of conducting business in the State of South Carolina, has conducted substantial business in the State of South Carolina, regularly caused its products to be sold in the State of South Carolina, and the cause of action arises out of a tort committed in the State of South Carolina and, therefore, personal jurisdiction is proper under South Carolina Code § 36-2-802, South Carolina Code § 36-2-803 and Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States of America

10.     At all times relevant herein, Defendants Honda Motor, Honda R&D, American Honda, and Honda Mfg. are collectively referred to as "Honda" or "Honda Defendants."

11.     This Honorable Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties.

12.     Venue of this action properly lies in the District of South Carolina pursuant to 28 U.S.C. § 1391(a) as it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

**FACTUAL ALLEGATIONS**

13.     Plaintiffs are informed and believe, and thereon allege, at all times mentioned in this Complaint, the Honda Defendants were and are in the business of designing, engineering, building, manufacturing, constructing, assembling, inspecting, fabricating testing, recommending, approving, distributing, marketing, advertising, promoting, selling, leasing, maintaining,

packaging, and otherwise approving for distribution and sale to the general public certain motor vehicles, including the Subject Vehicle.

14.     On June 16, 2021, Mr. Assey was operating the Subject Vehicle with his passenger Mrs. Assey, and using it for its intended purpose, namely traveling westbound on Interstate 26 in near Columbia, Richland County, South Carolina. Immediately prior to the Incident, traffic conditions on Interstate 26 required Mr. Assey to slow the Subject Vehicle in the left-hand lane.

15.     While slowing down due to the traffic conditions, a 2018 Dodge Charger traveling in Mr. Assey's lane, driving too fast for conditions, suddenly and unexpectedly struck the rear of the Subject Vehicle (the "Incident").

16.     The Incident which forms the basis of this Complaint was a foreseeable collision event arising out of ordinary use of the Subject Vehicle at the time.

17.     At the time of the Incident, the Plaintiff was properly restrained in the driver's seat using the lap and shoulder belt provided in the Subject Vehicle.

18.     Nonetheless, during the Incident, a reasonably foreseeable rear-end automobile collision, the head restraint on the driver's seatback in the Subject Vehicle ejected from the seat during the foreseeable collision providing no protection, as well as the failures of the other passenger protection systems as plead herein. Due to the ejection of the head restraint on the driver's seat in the Subject Vehicle, Mr. Assey sustained trauma and injuries, including but not limited to, thoracic spine fracture, multiple rib fractures and hemothoraces, severe emotional distress and is now a paraplegic.

19.     The Subject Vehicle's occupant protection system, including the driver's occupant restraint and protection systems, including but not limited to its seating system, airbag system, seatbelt and head restraint, failed to work together as a combined safety system to provide reasonable protection to Mr. Assey during a reasonably foreseeable rear-end automobile collision.

20.     The driver's seat, airbag, seatbelt and head restraint systems are the primary occupant protection components responsible for protecting occupants involved in a rear-end collision. The occupant is supposed to remain fully restrained, "pocket" into the seat to "ride out" the collision and their movements to be "cushioned" by available airbags surrounding the occupant. The failure of the head restraint among other system failures, to maintain its position in the seatback failed to properly provide support for the occupant's head and torso during the rear-end collision, as well as the seatbelt to properly restrain him in his seat with other safety system failures.

21.     Upon information and belief, at the time of the Incident, the Subject Vehicle and its component sub-assemblies at issue in this action were in the same essential condition as they were at the time that they left the Defendants' control.

22.     The injuries sustained by Mr. Assey, as described more fully herein, would not have occurred but for the defects present in the Subject Vehicle and its component parts on June 16, 2021, as those defects allowed the driver's seat head restraint in the Subject Vehicle to eject following a reasonably foreseeable rear-end automobile collision.

23.     The injuries sustained by Mr. Assey, directly and proximately caused by the Defendants' tortious actions, inactions and omissions, likewise resulted in Mrs. Assey's loss of services, society, companionship and marital consortium.

## CONDITIONS PRECEDENT

24.     All conditions precedent to the bringing of this action and Plaintiffs' rights to the relief sought herein have occurred, have been performed or have been excused.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Negligence, Gross Negligence, Willful and Wanton Conduct: Design Defect)
### By Mr. Assey

25. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

26. At all times relevant herein, the Honda Defendants respectively and collectively designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the Subject Vehicle and its components, including but not limited to, equipping it with its occupant protection systems, including the driver's seat, and head restraint.

27. At all times relevant herein, the Honda Defendants respectively and collectively designed, the Subject Vehicle and its occupant protection systems, including the driver's seat and occupant restraint systems, and it owed Mr. Assey a duty of reasonable care to design, select, inspect, test, assemble, equip, market, distribute, and sell the Subject Vehicle and its components, including its occupant protection systems, including the driver's seat, and head restraint, so that it would provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its expected use.

28. At all times relevant herein, as designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold by the Honda Defendants, the Subject Vehicle is and was uncrashworthy, defective, unreasonably dangerous, and unsafe for foreseeable users and occupants because its occupant protection systems, including the driver's seat, and head restraint is and was inadequately designed and constructed, and failed to provide the degree of occupant protection, and safety a reasonable consumer would expect in foreseeable accidents occurring in the real world environment of its expected use.

29. At all times relevant herein, the Honda Defendants were negligent, grossly negligent, willful, wanton, reckless and careless in the design of the Subject Vehicle and breached its duties of care owed to Mr. Assey by:

8

a. failing to adopt and implement adequate safety hierarchy procedures and policies;

b. failing to design, manufacture, test, assemble and/or install the occupant protection systems, including the driver's seat, seatbelt, airbags and head restraint so as to prevent injury and to prevent the driver's seat head restraint from unlocking and being ejected, and causing catastrophic injuries during foreseeable collisions;

c. failing to ensure that the Subject Vehicle was reasonably crashworthy;

d. failing to exercise reasonable care in the design of the Subject Vehicle and its occupant protection systems, including the driver's seat, seatbelt, airbags and head restraint;

e. failing to exercise reasonable care in the testing of the Subject Vehicle and its occupant protection systems, including the driver's seat, seatbelt, airbags and head restraint;

f. failing to exercise reasonable care in the inspection of the Subject Vehicle and its occupant protection systems, including the driver's seat, seatbelt, airbags and head restraint;

g. failing to adopt and implement adequate warnings regarding Subject Vehicle and its occupant protection systems, including the driver's seat, seatbelt, airbags and head restraint;

h. failing to incorporate appropriate quality assurance procedures in design of the of the Subject Vehicle and its occupant protection systems, including the driver's seat, seatbelts, airbags and head restraint;

i. failing to adopt feasible alternative designs with respect to the Subject Vehicle and its occupant protection systems, including the driver's seat, seatbelt, airbags and

9

        head restraint; and

j.     on such other and further particulars as the evidence may show.

30. At all times relevant, as a direct and proximate result of the respective and collective negligence of the Honda Defendants and the breaches complained of herein, Mr. Assey has suffered serious and permanent injuries including but not limited to thoracic spine fracture, multiple rib fractures and hemothoraces, excruciating pain and suffering, mental anguish, and emotional distress from his accident on June 16, 2021, and has been rendered a paraplegic.

31. WHEREFORE, Mr. Assey demands judgment against the Honda Defendants, jointly and severally, for all actual and compensatory damages he suffered, including but not limited to pain and suffering, past and future medical expenses, loss of enjoyment of life and emotional distress, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

**SECOND CLAIM FOR RELIEF**
**(Negligence, Gross Negligence, Willful and Wanton Conduct: Manufacturing Defect)**
**By Mr. Assey**

32. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

33. At all times relevant herein, the Honda Defendants were respectively and collectively responsible for the manufacture, selection, inspection, testing, design, assemblage, equipment, marketing, distribution, and sale of the Subject Vehicle and its components, including but not limited to equipping it with its occupant protection systems, including the driver's seat, and head restraint.

34. At all times relevant herein, the Honda Defendants respectively and collectively

manufactured the Subject Vehicle and its occupant protection systems, including the driver's seat, and head restraint, and it owed Mr. Assey a duty of reasonable care to manufacture, select, inspect, test, assemble, equip, market, distribute, and sell the Subject Vehicle and its components, including its occupant protection systems, including the driver's seat, and head restraint, so that it would conform to its intended design and so that it would provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its expected use.

35. At all times relevant herein, as manufactured, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold by the Honda Defendants, the Subject Vehicle is and was uncrashworthy, defective, unreasonably dangerous, and unsafe for foreseeable users and occupants because its occupant protection systems, including the driver's seat, seatbelts, airbags and head restraint is and was inadequately manufactured and constructed, did not conform to its intended design, and failed to provide the degree of occupant protection, and safety a reasonable consumer would expect in foreseeable accidents occurring in the real world environment of its expected use.

36. At all times relevant herein, the Honda Defendants were negligent, grossly negligent, willful, wanton, reckless and careless in the manufacture of the Subject Vehicle and breached its duties of care owed to Mr. Assey by:

    a.    failing to adopt and implement adequate safety hierarchy procedures and policies;

    b.    failing to manufacture, test, assemble and/or install the occupant protection systems, including the driver's seat, seatbelt, airbags and head restraint, so as to prevent the driver's seat head restraint from ejecting, and his seatbelt/airbags from providing protection, causing catastrophic injuries during foreseeable collisions;

      c.      failing to ensure that the Subject Vehicle was reasonably crashworthy;

      d.      failing to exercise reasonable care in the manufacture of the Subject Vehicle and its occupant protection systems, including the driver's seat, seatbelt, airbags and head restraint;

      e.      failing to exercise reasonable care in the testing of the Subject Vehicle and its occupant protection systems, including the driver's seat, seatbelt, airbags and head restraint;

      f.      failing to exercise reasonable care in the inspection of the Subject Vehicle and its occupant protection systems, including the driver's seat, seatbelt, airbags and head restraint;

      g.      failing to adopt and implement adequate warnings regarding Subject Vehicle and its occupant protection systems, including the driver's seat, seatbelt, airbags and head restraint;

      h.      failing to incorporate appropriate quality assurance procedures in manufacture of the of the Subject Vehicle and its occupant protection systems, including the driver's seat, seatbelt, airbags and head restraint; and

      i.      on such other and further particulars as the evidence may show.

37.    At all times relevant, as a direct and proximate result of the respective and collective negligent of the Honda Defendants and the breaches complained of herein, Plaintiff has suffered serious and permanent injuries including but not limited to thoracic spine fracture, multiple rib fractures and hemothoraces, excruciating pain and suffering, mental anguish, and emotional distress from his accident on June 16, 2021, and has been rendered a paraplegic.

38.    WHEREFORE, Mr. Assey demands judgment against the Honda Defendants, jointly and

severally, for all actual and compensatory damages he suffered, including but not limited to pain and suffering, past and future medical expenses, loss of enjoyment of life and emotional distress, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

### THIRD CLAIM FOR RELIEF
### (Strict Liability In Tort, Section 15-73-10, S.C. Code of Laws, Ann. (1976, as amended))
### By Mr. Assey

39.     Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

40.     At all times relevant herein, there was in full force and effect certain statutes of the State of South Carolina pertaining to Sellers of Defective Products as set forth in Section 15-73-10 et seq. of the South Carolina Code of Laws (1976, as amended).

41.     Pursuant to S.C. Code § 15-73-10 et seq., the Honda Defendants are strictly liable for designing, testing, manufacturing, distributing, selling, and/or placing a defective and unreasonably dangerous product into the stream of commerce.

42.     At all times relevant herein, the Subject Vehicle and its occupant protection systems, including the driver's seat, and head restraint was defective and unreasonably dangerous as to its design, manufacture, distribution and warnings, causing the Subject Vehicle to be in a defective condition that made it unreasonably dangerous for its intended use.

43.     At all times relevant herein, the Honda Defendants were collectively and respectively responsible for the design, manufacture and sale of the Subject Vehicle and its occupant protection systems, including the driver's seat, and head restraint prior to the Incident on June 16, 2021.

44.     At all times relevant, the Subject Vehicle was being used in an intended and/or foreseeable

13

manner when the Incident alleged herein occurred. Mr. Assey neither misused nor materially altered the Subject Vehicle, and upon information and belief, the Subject Vehicle was in the same or substantially similar condition that it was in at the time of purchase.

45. At all times relevant herein, the Subject Vehicle is and was unreasonably dangerous and defective because it was designed, manufactured, and sold with occupant protection systems insufficient to protect the head restraint from ejecting from the seat during reasonably foreseeable collisions, including the Incident.

46. At all times relevant herein, the Honda Defendants were aware of feasible alternative designs which would have minimized or eliminated altogether the risk of injury posed by the Subject Vehicle and its occupant protection systems, including the driver's seat, and head restraint.

47. At all times relevant herein, the Honda Defendants had a duty to warn users of the dangers associated with by the Subject Vehicle and its occupant protection systems, including the driver's seat and head restraint.

48. At all times relevant herein, the Honda Defendants failed to warn of the inherent and latent defects that made this product dangerous and unsafe for its intended use.

49. At all times relevant herein, the Honda Defendants failed to design, test, manufacture, inspect, and/or sell a product that was safe for its intended use.

50. As a direct and proximate result of the sale of the unreasonably dangerously designed and manufactured Subject Vehicle by the Honda Defendants, Mr. Assey has suffered serious and permanent injuries including but not limited to thoracic spine fracture, multiple rib fractures and hemothoraces, excruciating pain and suffering, mental anguish, and emotional distress from his accident on June 16, 2021, and has been rendered a paraplegic.

51. WHEREFORE, Mr. Assey demands judgment against the Honda Defendants, jointly and

severally, for all actual and compensatory damages he suffered, including but not limited to pain and suffering, past and future medical expenses, loss of enjoyment of life and emotional distress, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

**FOURTH CLAIM FOR RELIEF**
**(Failure to Warn)**
**By Mr. Assey**

52. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

53. At all times relevant herein, the Honda Defendants, as manufacturers of the Subject Vehicle and its occupant protection systems, including the driver's seat and head restraint owed a duty to warn of foreseeable dangerous conditions of the Subject Vehicle which would impair its safety.

54. At all times relevant herein, the Honda Defendants collectively and respectively knew or should have known that the Subject Vehicle's occupant protection systems, including the driver's seat and head restraint were insufficiently robust so as to prevent the driver's seat head restraint from collapsing and ejecting in foreseeable collisions, including during the Incident.

55. At all times relevant herein, the Honda Defendants collectively and respectively would have had no reason to believe that users would realize this potential danger.

56. At all times relevant herein, the Honda Defendants affirmatively failed to exercise reasonable care to inform users of the Subject Vehicle's dangerous condition created by the propensity of the Subject Vehicle's occupant protection systems, including the driver's seat and head restraint, to allow the driver's head restraint to collapse and eject in foreseeable collisions, including during the Incident.

57. As a direct and proximate result of the collective and respective failures of the Honda Defendants failure to warn of the dangers posed by the Subject Vehicle's occupant protection systems, including the driver's seat and head restraint and the breaches complained herein, Mr. Assey has suffered serious and permanent injuries including but not limited to thoracic spine fracture, multiple rib fractures and hemothoraces, excruciating pain and suffering, mental anguish, and emotional distress from his accident on June 16, 2021, and has been rendered a paraplegic.

58. By reason of the foregoing, Mr. Assey is entitled to recover for all general and special damages he sustained as a direct and proximate result of Defendants' negligent and grossly negligent acts or omissions.

59. WHEREFORE, Mr. Assey demands judgment against the Honda Defendants, jointly and severally, for all actual and compensatory damages he suffered, including but not limited to pain and suffering, past and future medical expenses, loss of enjoyment of life and emotional distress, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

**FIFTH CLAIM FOR RELIEF**
**(Loss of Consortium as to all Defendants)**
**By Mrs. Assey**

60. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

61. The Defendants' combined and respective actions and inactions were each a direct and proximate cause of Mr. Assey's injuries and a tortious violation of Mrs. Assey's right to the companionship, aid, society and services of Mr. Assey.

62. As a direct and proximate result of the conduct and misconduct of the Defendants, Mrs. Assey has suffered and continues to suffer the loss of consortium, household services, aid, society, support, and companionship.

63. Wherefore, Mrs. Assey demands judgment against all Defendants for the loss of consortium, household services, aid, society, support, and companionship to which she is entitled with her spouse.

**SIXTH CLAIM FOR RELIEF**
**(Punitive Damages)**

64. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

65. In addition to the general and special damages suffered by the Plaintiffs and proximately caused by the Defendants' manufacturers' bad actions and inactions, as it concerns the defective operations and performance of the Subject Vehicle on June 16, 2021, and as previously alleged and set forth in this Complaint, Plaintiffs also, as a further result of Defendants' reckless, willful, negligent and grossly negligent conduct, are entitled to recover punitive damages in accordance with the law and evidence in this case in an amount to be determined at trial.

66. More specifically, the actions and inactions of the Honda Defendants were of such a character as to constitute a pattern or practice of willful, wanton and reckless misconduct and caused serious and substantial harm to the Plaintiffs, resulting in significant and ongoing damages arising from the Incident at issue in this Complaint.

67. Furthermore, the Honda Defendants have collectively and respectively acted with such a conscious and flagrant disregard for the rights and safety of Plaintiffs, and/or has deliberately engaged in willful, wanton and reckless disregard for the life and safety of Mr. Assey so as to

17

entitle the Plaintiffs to punitive and exemplary damages in an amount sufficient to keep such wrongful conduct from being repeated.

68. WHEREFORE, the Honda Defendants are jointly and severally liable, and Plaintiffs demand judgment for punitive and exemplary damages, plus interest, costs and attorneys' fees for having to bring this action, and any such other and further relief as this Honorable Court or jury may deem just and proper against the Honda Defendants in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray as follows:

a. For a trial by jury and judgment against the Honda Defendants, for such sums as actual and other compensatory damages, including pain and suffering and permanent impairment, in an amount as a jury may determine and in excess of the minimum jurisdictional limit of this Honorable Court;

b. For exemplary and punitive damages against the Honda Defendants in an amount as a jury may determine to halt such conduct;

c. For the costs of this suit, including attorney's fees; and

d. For such other and further relief to which they may be entitled and as this Honorable Court may deem just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues triable by jury, as enumerated and set forth in more detail in this Complaint.

By: *s/ Kevin R. Dean*
Kevin R. Dean, Esq. (Fed I.D. 8046)
Lee M. Heath, Esq. (Fed I.D. 9794)
MOTLEY RICE LLC

        28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Phone: (843) 216-9000
kdean@motleyrice.com
lheath@motleyrice.com

Luther J. Battiste, III, Esq.
JOHNSON TOAL & BATTISTE, P.A.
1615 Barnwell St.
Columbia, South Carolina 29202
Phone: (803) 252-9700
bat@jtbpa.com

*ATTORNEYS FOR PLAINTIFFS*

Mount Pleasant, South Carolina
Dated:  August 11, 2022