IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JAMES M. ASSEY AND JOAN P. ASSEY | ) | |
| | ) | Civil Action No. 3:22-cv-02647-JDA |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| AMERICAN HONDA MOTOR CO., INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S *DAUBERT* MOTION TO
EXCLUDE THE TESTIMONY OF MICHAEL MARKUSHEWSKI**

Defendant America Honda Motor Co., Inc. ("AHM"), through undersigned counsel, hereby moves the Court pursuant to Federal Rule of Civil Procedure 26(a)(2), Federal Rule of Evidence 702 and 703, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) and its progeny, to exclude all testimony by Plaintiffs' expert Michael Markushewski. In support of this motion, AHM states as follows:

**INTRODUCTION**

This automotive product liability case arises from a rear-end collision involving a 2020 Honda Odyssey ("subject vehicle") that resulted in serious injuries to Plaintiff James Assey. On June 16, 2021, Plaintiffs James and Joan Assey were traveling in the subject vehicle on Interstate 26 near Columbia, South Carolina, at approximately 55 miles per hour when the subject vehicle was rear ended by a 2018 Dodge Charger traveling approximately 101-108 miles per hour at impact (the "subject accident"). The parties do not dispute that Mr. Assey suffered severe injuries as a result of the subject accident.

Plaintiffs contend the subject vehicle contained defects that caused or contributed to Mr. Assey's injuries. Specifically, the Complaint alleges the subject vehicle's occupant restraint and

protection systems, including, but not limited to, its seating system, airbag system, seat belt and head restraint, failed to provide safe and reasonable protection in an allegedly foreseeable rear end collision.  ECF No. 43, Amended Compl. ¶ 19. On this basis, Plaintiffs originally asserted claims for strict liability (design and manufacturing defect), negligence (design and manufacturing defect), negligent failure to warn, and loss of consortium. Plaintiffs also seek punitive damages. *Id.* at ¶¶ 64-68. Plaintiffs have since dismissed all claims related to alleged design defects in the driver's seat belt assembly.  ECF No. 99.  The remaining claims at issue are negligent design and manufacture of the driver's seat; strict liability for product defect (design of the driver's seat, manufacturing of the driver's seat and seat belt, failure to warn); negligent failure to warn; punitive damages; and loss of consortium.

Plaintiffs retained Mr. Markushewski for the limited purpose to offer expert opinions about the subject vehicle's driver's seat belt and its performance in the subject crash.  *See* Exhibit A, Report of Michael Markushewski at 2.  He inspected the seat belt assembly and found no broken components.  *Id.* at 10.  He confirmed the seat belt retractor locked up "normally" and the seat belt pretensioner deployed.  *Id.* at 14.  Despite these findings, he opined the seat belt assembly was somehow defective.  Mr. Markushewski ultimately admitted he was unable to determine "the mechanism of failure [ ] with the seat belt assembly," but still concluded that it was defective because "[e]ight inches of total webbing pass through on the D-ring is excessive."  *Id.* at 14.  He stated the seat belt's performance "does not appear to correlate with typical webbing payout during a rear impact crash such as this one."  *Id.*  However, Mr. Markushewski never actually reviewed any data showing how the seat belt should "typically" perform in a rear-impact crash.  Instead, he bases his opinions on his review of data about the seat belt's performance during *frontal* impact

crash tests of the 2020 Honda Odyssey.  This is not a reliable methodology, and his opinions must be excluded.

## LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence, which provides the framework for analyzing the admissibility of offered expert testimony, states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> >
> > **(b)** the testimony is based on sufficient facts or data;
> >
> > **(c)** the testimony is the product of reliable principles and methods; and
> >
> > **(d)** the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

This rule makes the Court the gatekeeper against testimony that is not relevant and that is not reliable.  *Daubert*, 509 U.S. at 589.  "[T]he judge's role is to keep unreliable and irrelevant information from the jury because of its inability to assist in factual determinations, its potential to create confusion, and its lack of probative value." *Allison v. McGhan Medical Corp.*, 184 F.3d 1300, 1311-12 (11th Cir. 1999).  Thus, "the party presenting the expert must show that the expert's findings are based on sound science, and this will require some objective, independent validation of the expert's methodology. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995) ("*Daubert II*"); *see also Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir. 1996) ("It is the proponent of the expert who has the burden of proving admissibility.").  When performing their gatekeeping duty, courts are "expected to reject 'any

subjective belief or speculation.'" *Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 816 (7th Cir. 2004).

The Supreme Court has explained that the requirement that offered expert testimony assist the jury, sometimes referred to as Rule 702's "helpfulness" standard, "requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Daubert*, 509 U.S. at 591-92, 113 S.Ct. at 2796. As a result, expert evidence should not be admitted when it is connected to existing data only by the expert's *ipse dixit*. *General Elec. Co. v. Joiner*, 522 U.S. 136, 146, 118 S.Ct. 512, 519 (1997).

Moreover, as Rule 702 itself makes clear, even the use of an otherwise reliable methodology is not sufficient for admissibility if it is not used properly because "*any* step that renders the expert's analysis unreliable … renders the expert's testimony inadmissible. This is true whether the step completely changes a reliable methodology or merely misapplies that methodology." Advisory Committee Notes to Rule 702 (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994)) (emphasis and ellipses in original).

In addition, "[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses." *Daubert*. at 595, 113 S.Ct. at 2798 (internal citations omitted).

## ARGUMENT

## I.    MARKUSHEWSKI'S OPINIONS ABOUT SEAT BELT PERFORMANCE BASED ON FRONTAL IMPACT CRASH TESTS MUST BE EXCLUDED AS UNRELIABLE.

Mr. Markushewski's opinions about seat belt performance during the subject accident must be excluded because his methodology is unreliable and amounts to a classic "apples to oranges"

comparison. He opined that the seat belt in the subject vehicle was defective because "[e]ight inches of total webbing pass through on the D-ring is excessive" and this "does not appear to correlate to typical webbing payout in a rear-impact crash," but he did not review *any* data from rear impact crash tests of the subject vehicle to reach these conclusions. *Id.* at 49:19-50:20. Instead, he relied on data about seat belt performance during 35-mile-per-hour frontal impact barrier crash tests using a fiftieth percentile dummy. Ex. A, Markushewski Rep., at 13; Exhibit B. Deposition Transcript of Michael Markushewski, 35:21-22; 36:20-22. Again, the subject accident was a rear-impact collision and Mr. Assey is, as Mr. Markushewski admits, larger than a fiftieth percentile dummy. *Id.* at 37:5-22. These substantial differences render Mr. Markushewski's opinions speculative and unreliable.

Mr. Markushewski admits, as he must, that the occupant kinematics in a frontal crash are different than those in a rear crash. *Id.* at 35:23-36:3. He speculates, without basis, that the forces in a frontal impact crash are "much more severe" and "would pay out more webbing than in fact a rear impact would." *Id.* This is classic, inadmissible *ipse dixit. See McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 1009 (4th Cir. 2020) (finding district court abused its discretion in admitting opinion of expert whose "only proffer for the reliability" for his method for detecting odors "was his own *ipse dixit*"). Mr. Markushewski could have attempted to prove this assumption by comparing the subject vehicle's seat belt performance in frontal crash tests to its performance in rear crash tests, but he did not do so. His failure to prove this fundamental assumption undermines all of his opinions about the seat belt's performance, and allowing him to testify would "introduce[ ] speculation under the guise of science and expertise." *Id. See also Small v. WellDyne, Inc.,* 927 F.3d 169, 177 (4th Cir. 2019) ("Without testing, supporting literature in the pertinent field, peer reviewed publications or some basis to assess the level of reliability, expert opinion testimony can

easily, but improperly, devolve into nothing more than proclaiming an opinion is true 'because I say so.'").

In sum, Mr. Markushewski has no idea what the typical performance of the seat belt is in a rear impact crash because he did not review any data from rear crash tests of the subject vehicle. His opinions that the seat belt's performance in the subject accident was not "typical" and indicative of a defect are not based on sufficient data or facts, wholly speculative, and are not the product of reliable principles and methodology. Therefore, all of Mr. Markushewski's opinions must be excluded as unreliable.

<b><u>CONCLUSION</u></b>

For the reasons discussed above, Defendant America Honda Motor Co., Inc. respectfully requests the Court enter an order excluding the testimony of Michael Markushewski in its entirety.

This the 3rd day of December 2024.

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By: *s/ Patrick J. Cleary* _____
Patrick J. Cleary (SC Fed Bar No. 11096)
Patrick.Cleary@bowmanandbrooke.com
1441 Main Street, Suite 1200
Columbia, SC 29201
Phone: 803-726-7420
Fax: 803-726-7421

**WATKINS & EAGER PLLC**

David L. Ayers, *admitted pro hac vice*
dayers@watkinseager.com
Jennifer A. Rogers, *admitted pro hac vice*
jrogers@watkinseager.com
400 East Capitol Street (39201)
P. O. Box 650
Jackson, MS 39205
Phone: 601-965-1900; Fax: 601-965-1901

*ATTORNEYS FOR AMERICAN HONDA
MOTOR CO., INC.*