**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| JAMES M. ASSEY AND JOAN P. ASSEY, <br><br>Plaintiffs, <br><br>vs. <br><br>AMERICAN HONDA MOTOR CO., INC., <br><br>Defendant. | Civil Action No. 3:22-cv-02647-JDA <br><br><br>**PLAINTIFFS' MEMORADUM IN OPPOSITION TO DEFENDANT'S *DAUBERT* MOTION TO EXCLUDE THE TESTIMONY OF MICHAEL MARKUSHEWSKI** |

Plaintiffs James M. Assey and Joan P. Assey ("Plaintiffs"), by and through the undersigned counsel, respectfully offer this Memorandum in Opposition to Defendant's *Daubert* Motion to Exclude the Testimony of Michael Markushewski [Dkt. No. 100] submitted by Defendant American Honda Motor Co. Inc. ("AHM" or "Defendant").

I.  **INTRODUCTION**

This is a civil action arising out of serious, permanent, life scarring and crash personal injuries sustained by the Plaintiff, James M. Assey (hereinafter "Mr. Assey"), and his wife Joan P. Assey (hereinafter "Mrs. Assey") for her injuries and authorized damages, on June 16, 2021, in Richland County, South Carolina, following a foreseeable rear-end automobile collision that resulted in the failure of the occupant protection system including its driver seatbelt and seat failures, as well as ejection of the driver's seat head restraint installed in their 2020 Honda Odyssey, Vehicle Identification Number ("VIN") 5FNRL6H74LB003816 ("the Subject Vehicle").

Plaintiffs, Mr. and Mrs. Assey, brings this automotive products liability and personal injury action for their damages sustained, including but not limited to pain, suffering, and loss of

enjoyment of life, as well as for punitive damages. Mrs. Joan Asssey brings an independent claim in her own capacity for loss of services, society, companionship and marital consortium as a result of the injuries to Mr. Assey.

Defendants have now moved to exclude the testimony of Mike Markushewski, in its entirety, asserting that his "methodology is unreliable and amounts to a classic 'apples to oranges' comparison." *See* Defendant's Motion, Dkt. No. 100, at 4-5. Defendant's motion misconstrues Mr. Markushewski's findings, is conclusory, and fails to provide any principled justification for excluding his testimony at trial. Consequently, the Plaintiffs respectfully submit that Defendant's motion should be denied.

## II.   LEGAL STANDARDS

Rule 702 of the Federal Rules of Evidence provides the general framework for the admission of expert testimony, noting:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

*See* Fed. R. Evid. 702 (2023).

As noted in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), the district court must act as a gatekeeper to ensure that an expert is not only qualified to offer opinion testimony but also that such testimony is the result of reliable methodology. Furthermore, Rule 702 requires only that the expert's opinion be the product of reliable principles and methods: proponents of expert testimony "do not have to demonstrate to the judge by a preponderance of

the evidence that the assessments of their experts are *correct*, they only have to demonstrate by a preponderance of the evidence that their opinions are reliable .... The evidentiary requirement of reliability is lower than the merits standard of correctness." *See In re Paoli R.R. Yard PCB Litig*., 35 F.3d 717, 744 (3d Cir. 1994) (emphasis in original); *see also Maryland Cas. Co. v. Therm-O-Disc, Inc*., 137 F.3d 780, 783 (4th Cir. 1998); *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999). Indeed, when assessing reliability, "the court's evaluation is always a flexible one, and the court's conclusions necessarily amount to an exercise of broad discretion guided by the overarching criteria of relevance and reliability." *Oglesby v. General Motors Corp*., 190 F.3d 244, 250 (4th Cir. 1999).

Furthermore, under *Daubert,* "[t]he Court's role as a gatekeeper, however, does not replace the traditional adversary system and the place of the jury within the system." *Schrom v. Budget Rent-A-Car Sys., Inc*., No. CIV.A.6:04-21788-HFF, 2005 WL 3058454, at *2 (D.S.C. Nov. 14, 2005) (*citing Daubert,* 509 U.S. at 596) (attached hereto as Exhibit A). Rather, "[a]s with all other admissible evidence, expert testimony is subject to being tested by 'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'" *Id*. Consequently, "the *Daubert* inquiry does not require consideration of whether the proffered testimony is correct or whether the proffered evidence is sufficient to allow a verdict in favor of the proponent. Instead, the focus must be on whether the testimony is reliable and can aid the ultimate trier of fact." *Id*.

### III.  ARGUMENT

The only grounds for this motion is AHM's unilateral determination that Mr. Markushewski did not appropriately evaluate seat belt performance in a rear crash but instead relied on data from a 35-mile-per-hour frontal impact barrier crash test using a fiftieth percentile dummy. Defendant's Motion, Dkt. No. 100 at 5. As Mr. Assey's accident was a rear collision,

3

AHM concludes that evaluating data from a frontal crash renders Mr. Markushewski's opinions unreliable. Building upon this incorrect theory, Defendant then additionally posits that ALL of Mr. Markushewski's opinions must be excluded. Defendants' Motion, Dkt. No. 100, at 6. However, Defendant has made a serious omission in the instant motion by failing to inform the Court that there is no provision or test results from a Federal Motor Vehicle Safety Standard (FMVSS) 301 rear test that evaluates seatbelt performance. FMVSS 301 simply evaluates fuel system integrity. AHM's arguments provide no valid basis for excluding all of Mr. Markushewski's opinions, or even limiting them, and as such its motion should be denied.

### A. Mr. Markushewski's Methodology is Reliable.

It is a disingenuous argument that AHM makes calling Mr. Markushewski's methodology an "apples to oranges" comparison. Force is force; the laws of physics are constant. During a rear impact crash the occupant decouples, meaning the occupant moves away from the restraint in a rearward motion. As the occupant moves rearward, they will move away from the shoulder harness. In a frontal collision, the occupant is moving forward into the restraint system, thereby applying much more force on the seatbelt.

Reviewing frontal impact data for seatbelt performance is acceptable methodology. For one thing, there is no data to look at in a FMVSS 301 rear crash test on seatbelt performance. In FMVSS 301 rear collision testing there is no camera on the seatbelt to evaluate performance, no dummy injury values produced, and no data on whether or not the restraint system used in the crash testing is even the production seatbelt. As to using frontal crash data Mr. Markushewski testified:

> Q: Would you agree with me that the kinematics of an occupant in a frontal crash are different than a rear impact crash?

> A: Yes. They're much more forceful into the webbing, which would create additional marks and pay out more webbing than, in fact, a rear impact would. And since we had no data from Honda with regard to measurement of webbing transfer through the D ring or the latch plate in rear impacts. And we do have reasonable data from NCAP tests on this car. I used the NCAP data, in a crash that's 60, 70 percent more severe than this accident.

Exhibit B, Mike Markushewski Depo. Tr. 35:23-36:9.

The 35 mph test that Mr. Markushewski reviewed was at a higher delta-V than the Assey crash, more force was applied on the restraint system than could possibly have been applied in a rear collision, and yet the transfer through the D-ring in this test was approximately 5 inches of webbing. Mr. Markushewski reported that in the Assey collision there was approximately 8 inches of dynamic transfer of webbing through the D-ring. Exhibit C, Expert Report of Mr. Markushewski, at 13. Even Defendant's expert, Dr. Van Arsdell, found approximately 6 inches of webbing passed through the D-ring. Exhibit D, Expert Report Dr. Van Arsdell, at 6. It is not "apples to oranges" to review how force acts on a restraint system. Just because Defendant does not like Mr. Markushewski's methodology, does not mean it is unreliable. As such, Mr. Markushewski should not be excluded from discussing pertinent data that in no way contradicts the facts of this case. Defendant's motion should be denied.

**B. All of Mr. Markushewski's Opinions Are Reliable.**

Defendant takes the leap that since they disagree with the use of frontal crash testing that ALL of Mr. Markushewski's opinions should be excluded. They state that "[h]is failure to prove [the forces in a frontal crash are more severe and would pay out more webbing] assumption undermines all his opinions about the seatbelt's performance." Defendants' Motion, Dkt. No. 100,

at 5. Regardless of whether or not this Court finds that Mr. Markushewki's reliance on frontal testing unreliable, that is in no way connected to his opinion that the restraint system fails FMVSS 209, Seat Belt Assemblies.

Regardless of impact direction, FMVSS 209 governs seat belt requirements and crash performance. The standard states that the retractor "[s]hall lock before the webbing extends 1 inch when the retractor is subjected to an acceleration on 0.7g." There is no dispute that the retractor locked and the forces recorded in the ACM of the Honda exceeded 0.7 g within 10 milliseconds of the crash pulse. Eight inches of webbing payout, or even six per Dr. Van Arsdell, does not comply with FMVSS.

> Q: You had no reason to – you're not going to say that the seatbelt system Odyssey did not comply with FMVSS standards. Correct?
>
> A: Well, FMVSS 209 requires a .7G lockup and we obviously are much higher than that. And we have a seatbelt that paid out at least eight inches, probably more conservatively. So from a compliance standpoint, you know, it really doesn't ---.

Exhibit B, Mike Markushewski Depo. Tr. 56:21-57:4.

Mr. Markushewski's opinions are not speculative but based on years of experience testing restraint systems, testing seatback and conducting rear impact tests. Mr. Markushewski's opinions are based on sufficient data, the product of reliable principles and methods, that were reliably applied to the facts in this case. For these reasons, Mr. Markushewski should not be excluded from providing his reliable and relevant testimony that will be used to help the trier of fact. Defendant's motion should be denied.

## CONCLUSION

For all of the above reasons previously stated, the Plaintiffs request that this Honorable Court deny Defendant's *Daubert* Motion to Exclude the Testimony of Michael Markushewski.

Respectfully submitted,

By: *s/ Kevin R. Dean*
Kevin R. Dean, Esq. (Fed I.D. 8046)
Lee M. Heath, Esq. (Fed I.D. 9794)
Marlon Kimpson, Esq. (Fed I.D. 7487)
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Phone: (843) 216-9000
kdean@motleyrice.com
lheath@motleyrice.com
mkimpson@motleyrice.com

Luther J. Battiste, III, Esq.
JOHNSON TOAL & BATTISTE, P.A.
1615 Barnwell St.
Columbia, South Carolina 29202
Phone: (803) 252-9700
bat@jtbpa.com

*ATTORNEYS FOR PLAINTIFFS*

Mount Pleasant, South Carolina
Dated: December 17, 2024