IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JAMES M. ASSEY AND JOAN P. ASSEY </br></br>Plaintiffs, </br></br>VS. </br></br>AMERICAN HONDA MOTOR CO., INC. </br></br>Defendant. | ) </br>) Civil Action No. 3:22-cv-02647-JDA </br>) </br>) </br>) </br>) </br>) </br>) </br>) |

**DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Rather than presenting competent evidence to oppose American Honda Motor Co., Inc.'s (AHM) Motion for Partial Summary Judgment [ECF No. 102], Plaintiffs instead becloud the record presented and issues before the Court. Their arguments attempt to create a fiction that the model year 2020 Honda Odyssey ("Subject Vehicle") driven by Mr. Assey failed to comply with federal regulations, failed to comply with Honda specifications, and that they provided an adequate warning that would have prevented Mr. Assey's injuries. Their arguments and unsupported conclusions present no basis for denying AHM's Motion.

1. **The Subject Vehicle Complied with all Federal Motor Vehicle Safety Standards**

Plaintiffs allege the Subject Vehicle's driver's side seat belt failed to comply with Federal Motor Vehicle Safety Standards (FMVSS) 209 and imply that the driver's side head restraint failed to comply with FMVSS 202a. They allege these failures to comply support an argument that AHM is negligent *per se* and support their manufacturing defect causes of action.

1

Plaintiffs' support for these allegations are the opinions and testimony of their experts Michael Markushewski (for FMVSS 209) and Larry Sicher (for FMVSS 202a). Plaintiffs' Opposition [ECF No. 109] at p. 15-17. But their experts **do not** support these allegations.

Mr. Markushewski's report does not opine the driver's side seat belt failed to comply with FMVSS 209. Exhibit A, Report of Michael Markushewski at p. 14. In his deposition, when asked if the seat belt complied with FMVSS 209, he testified: "Well that I don't know. I can't say for sure." Exhibit B, Deposition Transcript of Michael Markushewski, 60:3. Mr. Sicher testified that the driver's seat complied with FMVSS 202a (and all other applicable FMVSS for the seat). Exhibit C, Deposition Transcript of Larry Sicher, 146:5-20.

And in addition, Plaintiffs' allegations misrepresent FMVSS standards by implying they set forth performance criteria for how a component should perform in a given crash. FMVSS standards create objective criteria for certain automobile components and performance criteria for certain automobile components and systems. They set forth requirements that must be met in defined testing protocols. They do not and cannot address the performance of automobile components in every possible crash scenario.

FMVSS 209, contrary to Plaintiffs' allegations, does not have specific performance criteria for seat belt webbing movement during a rear-impact crash. 49 C.F.R. § 571.209. FMVSS 202(a), contrary to Plaintiffs' allegations, does not have specific performance criteria for the head restraint during a rear-impact crash. 49 C.F.R. § 571.202a.

Plaintiffs' allegations about FMVSS non-compliance provide no competent evidence for their claims that they can maintain their negligence *per se* and manufacturing defect causes of action.

2. **The Subject Vehicle Complied with all Honda Specifications**

Plaintiffs claim the Subject Vehicle's driver's side seat and seat belt failed to comply with Honda specifications, and thus they can maintain their manufacturing defect causes of action (sounding in both negligence and strict liability). Plaintiffs acknowledge, as they must, to establish a manufacturing defect, they must show the seat or seatbelt was not manufactured in accordance with its *design*. Pls' Opp. at p. 9 (citing *Fisher v. Pelstring*, 817 F. Supp. 2d 791 (D.S.C. 2011)

Plaintiffs claim the Subject Vehicle's driver's side seat belt failed to meet Honda's specifications because the seat belt design drawings identify FMVSS 209 as a performance standard. Pls.' Opp at p. 11. But they have no evidence of any non-compliance with FMVSS 209 specifications. Mr. Markushewski's report does not opine the driver's side seat belt failed to comply with FMVSS 209. Exhibit A, Report of Michael Markushewski at p. 14. In his deposition, when asked if the seat belt complied with FMVSS 209, he testified: "Well that I don't know. I can't say for sure." Exhibit B, Deposition Transcript of Michael Markushewski, 60:3. He further testified that he could not identify any specific defect in the seat belt. Ex. B, Tr. of Markushewski Dep., at 60:4-7.

Plaintiffs claim that the driver's side seat failed to meet Honda's *design* specifications arises from Honda's *performance* specifications. Pls.' Opp. at p. 15-16. These performance standards set a performance requirement that can only be passed or failed in the test described in the standard itself. This is entirely different from whether a product in the field was manufactured in accordance with the design specifications that explain how to manufacture the product in accordance with that design. Mr. Sicher did not opine or testify as to any specific manufacturing defect in the Subject Vehicle's driver's seat.

3

During Honda's development testing, the head restraint must remain in the seat during defined testing of certain rear-impact crash testing and the seat must not fracture. The Subject Vehicle's seat met all these performance requirements.

Plaintiffs have no evidence that the Subject Vehicle's driver's side seat or driver's seat belt failed to meet Honda's design specifications. They therefore have no competent evidence for their claims that they can maintain their manufacturing defect causes of action. Plaintiffs cannot defeat summary judgment on their manufacturing defect causes of action by blurring the distinction between design and performance specifications simply because they both use the word "specification."

3. **Plaintiffs Present No Evidence of Honda's Failure to Exercise Due Care**

Plaintiffs present two grounds for why they allege Honda failed to exercise due care and could be liable under a negligent design defect cause of action for the design of the Subject Vehicle's driver's seat.

First, they allege AHM was negligent *per se* because of the alleged violations of FMVSS 202a and 209. As discussed above, there was no violation of any FMVSS standard applicable to the Subject Vehicle.

Second, they allege Honda failed to exercise due care in designing and testing the Subject Vehicle's driver's side seat. This is based primarily on the opinions of Mr. Sicher. Pls' Opp. at p. 6-9. Mr. Sicher lacks the qualifications to provide opinions on the processes with designing and developing automotive components. *See Bragg v. Hi-Ranger, Inc.*, 319 S.C. 531, 539, 462 S.E.2d 321, 326 (Ct. App. 1995). Mr. Sicher has never designed any seat for any passenger vehicle, has never been employed by any automotive manufacturer, and has never been employed by any seat supplier for any automotive manufacturer. Ex. C, Tr. of Sicher Dep., at 39:24-40:14. He has never

even been to an assembly plant where automotive seats were assembled. *Id.* at 57:2-4. Despite this, he claims that Honda should have run rear-impact tests with a 95th percentile male-sized test device. He points to no regulatory standard or any industry standard that requires or recommends such testing. When asked in his deposition about this issue, he "believe[d] Mercedes had done such testing, could not "remember offhand" the results of such testing, and the results were not in his file. *Id*. at 120:12-24. At most, Mr. Sicher is providing his conclusory opinions about testing he believes Honda should have done. Those conclusory opinions are insufficient to create a genuine issue of material fact. Further, to the extent Mr. Sicher's opinions are that Honda should have done more testing or had a stronger seat, that does not establish a lack of due care. Well-settled South Carolina law holds that a plaintiff cannot establish a lack of due care merely because they claim additional testing or additional design features should have been included in the product. *See, e.g., Holst v. KCI Kronecranes Intern. Corp.*, 390 S.C. 29, 699 S.E.2d 715 (Ct. App. 2010).

Plaintiffs' Opposition presents no competent evidence that supports their allegation that Honda failed to exercise due care in designing the Subject Vehicle's seat and, therefore, summary judgment is required for their negligent design defect cause of action.

4. **Plaintiffs Have No Viable Failure to Warn Claim**

South Carolina failure to warn law (whether sounding in negligence or strict liability) is clear on the purpose and rationale for warnings. "If a warning is given which, if followed, makes the product safe for use, the product cannot be deemed defective or unreasonably dangerous." *Allen v. Long Mfg. NC, Inc.*, 332 S.C. 422, 427, 505 S.E.2d 354, 357 (Ct. App. 1998). Plaintiffs'

5

Opposition does not identify any warning for the Subject Vehicle that they claim would have made it safe for use or would have prevented Mr. Assey's injuries.[1]

Plaintiffs only proposed evidence to support their failure to warn claims relies solely on the opinions and testimony of Mr. Sicher.[2] Pls.' Opp. at pp. 18-20. Mr. Sicher's report has two conclusory statements about warnings, neither of which provide the alternative warning Plaintiffs claim was needed or how the Subject Vehicle would be safe for use if followed. Mr. Sicher's report includes the following language.

> In addition, there is no warning or instruction from Honda that he needed to do anything different due to his size or that he was at a greater or enhanced risk of injury. Exhibit H, Report of Larry Sicher at p. 11.

> Honda failed to provide sufficient warnings about the defective and unreasonably dangerous nature of the left front seat, including its failure to provide occupant protection in foreseeable crash events, including rear end collisions. *Id.* at p. 27.

He was asked in his deposition about what such a warning should have looked like. He responded: "I have not designed one." Ex. C, Tr. of Sicher Dep., at 108:14-16. Plaintiffs present no evidence about any warning, that if followed, would have prevented Mr. Assey's injuries.

---

[1] Plaintiffs were asked in discovery to identify "whether there was a complete failure to warn of a particular danger or whether a particular warning or warnings were insufficient. Please provide the warning you contend would have been sufficient and explain how this proposed warning would have affected your actions in the subject incident." Plaintiffs' initial response (June 9, 2023) referred AHM to the Complaint. Exhibit D, Plaintiffs' Responses to AHM's First Set of Interrogatories at p. 12. Plaintiffs supplemented this response in November 2023, stating they "will rely on expert witnesses to answer" this Interrogatory. Exhibit E, Plaintiffs' Supplemental Responses to AHM's First Set of Interrogatories at p. 11. Plaintiffs were also sent Requests for Production for documents supporting their failure to warn claims – they did not provide any documents in response. Exhibit F, Plaintiffs' Responses to AHM's First Set of Requests for Production at p. 15.

[2] Plaintiffs assert Mr. Sicher is qualified to provide testimony on warning issues. Mr. Sicher holds a bachelor's degree in mechanical engineering. He has no experience, education, or training in the field of warnings or human behavioral studies. Exhibit G, Sicher CV. Mr. Sicher has never written or created any warning for any automotive product. Ex. C, Tr. of Sicher Dep., at 41:24-43:4.

Separately, both Mr. Sicher's report and Mr. Sicher's testimony are clear that his opinions on the need for warnings come because the <u>design</u> of the Subject Vehicle's driver's seat is defective. Ex. H, Sicher Rep. at p. 27; Ex. C, Tr. of Sicher Dep., at 106:18-107.5. This emphasizes his defect allegations are design defect allegations and not warnings allegations.

Plaintiffs present no competent evidence, as they must, to maintain their failure to warn cause of action sounding in strict liability or negligence.

5. **Plaintiffs Present No Evidence of Willful, Wanton, or Reckless Behavior**

Punitive damages are available only if Plaintiffs recover under a negligence cause of action <u>and</u> they show, by clear and convincing evidence, that AHM acted willfully, wantonly, or recklessly. The Opposition attempts to establish inferences of willful, wanton, or reckless behavior on four grounds.

First, they claim the Subject Vehicle's seat belt failed to comply with FMVSS 209. As stated above, there is no factual support for this claim. Second, they claim the Subject Vehicle failed to meet Honda specifications. As stated above, there is no factual support for this claim.

Third, they claim Honda failed to conduct due care testing. Finally, they claim Honda failed to properly warn Mr. Assey. Their support for both allegations are Mr. Sicher's opinions. As discussed above, Mr. Sicher lacks the qualifications to provide due care opinions, and his failure to warn opinions are simply extensions of his design defect opinions.

None of Plaintiffs' arguments establish even an inference, much less competent evidence, that AHM acted wantonly, recklessly, or willfully.

## Conclusion

Plaintiffs present no competent evidence to support their claims that the Subject Vehicle's driver seat was negligently designed, that there were any manufacturing defects in the Subject

7

Vehicle's driver's seat or driver's seat belt, or that there was any failure to warn. Further, they present no competent evidence, much less clear and convincing evidence, that Honda acted willfully, wantonly, or recklessly. They, therefore, cannot establish any grounds for punitive damages under any theory of liability. As a result, summary judgment is appropriate for all these claims and issues.

December 23, 2024.

                                                        Respectfully submitted,

**BOWMAN AND BROOKE LLP**

*s/ Patrick J. Cleary*
Patrick J. Cleary (SC Fed Bar No. 11096)
Patrick.Cleary@bowmanandbrooke.com
1441 Main Street, Suite 1200
Columbia, SC 29201
Phone: 803-726-7420
Fax: 803-726-7421

**WATKINS & EAGER PLLC**

David L. Ayers, *admitted pro hac vice*
dayers@watkinseager.com
Jennifer A. Rogers, *admitted pro hac vice*
jrogers@watkinseager.com
400 East Capitol Street (39201)
P. O. Box 650
Jackson, MS 39205
Phone: 601-965-1900; Fax: 601-965-1901

***ATTORNEYS FOR AMERICAN HONDA MOTOR CO., INC.***