# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| JAMES M. ASSEY AND JOAN P. ASSEY | ) <br> ) Civil Action No. 3:22-cv-02647-JDA <br> ) |
| Plaintiffs, | ) <br> ) |
| vs. | ) **PLAINTIFFS' MOTION IN LIMINE TO** <br> ) **EXCLUDE PRE-ACCIDENT SPEEDS** |
| AMERICAN HONDA MOTOR CO., INC. | ) <br> ) <br> ) |
| Defendant. | ) <br> ) <br> ) <br> ) <br> ) |

COME NOW THE PLAINTIFFS, James M. Assey, ("Mr. Assey"), and Joan P. Assey ("Mrs. Assey"), (collectively, "Plaintiffs"), by and through the undersigned counsel, and hereby respectfully move this Honorable Court *in limine* for an order prohibiting counsel for the Defendant, American Honda Motor Co., Inc. ("Honda"), from making any comment, directly or indirectly, in any manner whatsoever, concerning any of the matters set forth herein, without first approaching the Bench and obtaining a ruling of the Court outside the presence and hearing of all prospective jurors, or jurors ultimately selected in this case, in regard to any alleged theory of admissibility of such matters.

In addition, Plaintiffs move the Court for an order directing defense counsel to inform any and all defense witnesses and experts of the Court's order regarding these matters, and to instruct any and all such witnesses and experts to refrain from mentioning any such matters in the presence and hearing of all prospective jurors or jurors ultimately selected in this case until defense counsel

has obtained a ruling in compliance with this order that such matters would be admissible as evidence in this case.

## FACTS

This is an enhanced-injury products liability case against Defendant Honda arising out of the serious, permanent, life-altering, personal injuries sustained by the Plaintiffs following a foreseeable rear-end automobile collision on June 16, 2021, in Richland County, South Carolina ("the Incident"). During the Incident, the occupant protection system in Plaintiffs' 2020 Honda Odyssey ("Subject Vehicle"), including the seatback of the driver's seat and driver's seat head restraint, failed catastrophically, rendering Mr. Assey a paraplegic.

During the Incident, the Subject Vehicle was struck from behind by a 2018 Dodge Charger. Plaintiffs are informed and believe that Defendant may attempt to introduce evidence about the speed at which the 2018 Dodge Charger may have been traveling before the Incident. Evidence of the pre-Incident speed of the Subject Vehicle or the Dodge Charger is irrelevant as a matter of law in a crashworthiness case, is unfairly prejudicial, and should be excluded under Rules 401 to 403, Fed. R. Evid.

## ARGUMENT

Evidence of pre-accident speed should be excluded under Federal Rules of Evidence 401, 403, as irrelevant, unfairly prejudicial, and likely to mislead or confuse the jury. This is a post-crash enhanced injury case where the only issue relevant to Plaintiffs' injuries is the change in velocity or "Delta V". This is a measurement of how much a vehicle changes speed and direction and is the metric used to determine the severity of a crash. Both Plaintiffs' and Defense's experts agree within a reasonable degree of professional certainty that the Delta-V of the Honda Odyssey

was between 27 miles per hour and 29 miles per hour, respectively.[1] *See* Exhibit 1, Plaintiffs' Expert Report of Stan Andrews; Exhibit 2, Defendant's Expert Report of Geoff Germane.

Evidence of pre-accident speed is irrelevant under Federal Rule of Evidence 401 because it is not a fact "of consequence in determining the action," specifically whether the seatback and head restraint in the Subject Vehicle are defectively designed. Fed. R. Evid. 401(b). "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

The pre-accident speed is unfairly prejudicial and will confuse and mislead the jury. Fed. R. Evid. 403. The probative value, which is none, is substantially outweighed by the danger of unfair prejudice to Mr. Assey that the jury will blame the driver of the Dodge Charger for the collision or even Mr. Assey himself. "[U]ndue prejudice occurs when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996) (internal quotation marks omitted).

Honda's only purpose for introducing the pre-accident speeds is to portray the accident as a "high-speed", "high energy" or violent collision that would be misleading to the jury. But the speed of the vehicles prior to the accident has no bearing on enhanced injuries.

> Under the crashworthiness doctrine, liability is imposed not for defects that cause collisions but for defects that cause injuries after collisions occur. *See Mickle v. Blackmon,* 252 S.C. 202, 166 S.E.2d 173, 185–87 (1969). Accordingly, evidence about the cause of the original accident is not relevant. *See id.;* Thomas V. Harris, *Enhanced Injury Theory: An Analytic Framework,* 62 N.C. L.Rev. 643, 673 (1984) ("In enhanced injury [crashworthiness] cases, ... a claimant's fault in causing the accident

---

[1] The airbag control module (ACM) was downloaded in the Honda Odyssey. The ACM recorded the Delta-V as 27 miles per hour. Exhibit 3, ACM Download of the Honda Odyssey. The difference between the opinions of Plaintiffs' and Defense's experts is negligible and based on issues outside this present motion.

>is not a basis for reducing his recovery.... [A] manufacturer's duty is that of minimizing the injurious effects of contact however caused").

*Jimenez v. Daimler Chrysler Corp.*, 269 F.3d 439, 452-453 (4th Cir. 2001).

The Fourth Circuit reasoned in *Wickersham v. Ford Motor Co.*, 997 F.3d 526, 539 (4th Cir. 2021), that "[b]ecause crashworthiness already presumes an accident, 'the doctrine of crashworthiness itself divides and allocates fault to a manufacturer for damages it alone caused.'" (internal quotation marks omitted). The manufacturer cannot reduce or shift their liability to another party. Any effort to persuade a jury that based on the speeds prior to the accident, the driver of the Dodge Charger or Mr. Assey himself should be blamed for the injuries is improper.

Pursuant to Local Civil Rule 7.02, DSC, undersigned counsel hereby certifies that Plaintiffs' counsel consulted with Defense counsel on March 10, 2025, and was unable to resolve the instant motion.

Respectfully submitted this 21st day of March 2025.

*[Signature page to follow]*

By: *s/ Kevin R. Dean*
Kevin R. Dean *(Fed. I.D.: 8046)*
Lee M. Heath *(Fed. I.D.: 9794)*
Marlon Kimpson, Esq. *(Fed I.D.: 17042)*
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Phone: (843) 216-9000
kdean@motleyrice.com
lheath@motleyrice.com
mkimpson@motleyrice.com

Luther J. Battiste, III, Esq.
**JOHNSON TOAL & BATTISTE, P.A.**
1615 Barnwell St.
Columbia, South Carolina 29202
Phone: (803) 252-9700
bat@jtbpa.com

*ATTORNEYS FOR PLAINTIFF*