**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| JAMES M. ASSEY AND JOAN P. ASSEY )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>AMERICAN HONDA MOTOR CO., )<br>INC. )<br>)<br>Defendant. )<br>)<br>)<br>)<br>) | Civil Action No. 3:22-cv-02647-JDA<br><br>**PLAINTIFFS' MEMORADUM IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 5, TO EXCLUDE FALSE ASSERTIONS THAT THE SUBJECT ODYSSEY FAILED HONDA'S INTERNAL STANDARDS** |

Plaintiffs James M. Assey and Joan P. Assey (collectively "Plaintiffs"), by and through the undersigned counsel, respectfully offers this Memorandum in Opposition to Defendant's Motion *In Limine* No. 5 to Exclude False Assertions that the Subject Odyssey Failed Honda's Internal Standards submitted by Defendant American Honda Motor Co., Inc. ("AHM" or "Defendant").[1]

The primary issue for the trier of fact at trial in this matter is but for the failure of Plaintiffs' occupant protection system, including the driver's seat, they would not have been injured. This issue of whether or not the driver's seat failed is an important issue to explain to the jury. A layperson may not understand the difference between testing in a dynamic versus a static environment. They may not know what might constitute a failure in the design standard versus real world application, or how the seat structures move during the stresses of a crash event. All this information, along with Honda's internal specifications, are necessary to fully present the issue of what happened to the Subject Vehicle's driver seat during the collision to the jury.

---

[1] *See* Defendant's Motion, Dkt. No. 127.

AHM would like this Court to believe that Mr. Sicher is intentionally misleading in his report and testimony. Mr. Sicher is not disagreeing that Honda's test passed their internal standard, as written. His analysis is more a criticism that if the Honda standard was applied to the Subject Vehicle driver's seat, the seat would have failed the pass/fail criteria under the crash conditions. Defendant argues that you can only apply the test/fail to the specific test. But the purpose of the test standard should be to consider real world crashes, such as this incident, in evaluating the design and performance of the seat. While there are certainly variables, the seat in the collision in this instance would not have passed.

Secondly, Mr. Sicher should be allowed to testify that Honda's internal test is inadequate because it does not consider 95th percentile persons. *See* Exhibit 1, Sicher Report at 14. The internal test is a one size fits all and does not cover the majority of the population, such as Mr. Assey. Nor does Honda warn drivers of this inadequacy. As Mr. Sicher points out in his report, there are other Honda tests at higher speeds and using 95th percentile dummies. *Id.* The test is inadequate as to real world crashes and as such, with Mr. Sicher's extensive expertise, the testimony is reliable and relevant to the performance of the Subject Vehicle's seat in the collision.

For all of the above reasons previously stated, the Plaintiffs request that this Honorable Court deny Defendant's Motion *In Limine* No. 5 to Exclude False Assertions that the Subject Odyssey Failed Honda's Internal Standards.

*[Signature page to follow]*

Respectfully submitted this the 4th day of April,

                By:   *s/ Kevin R. Dean*_____
                      Kevin R. Dean *(Fed. I.D.: 8046)*
                      Lee M. Heath *(Fed. I.D.: 9794)*
                      Marlon Kimpson, Esq. *(Fed I.D.: 17042)*
                      **MOTLEY RICE LLC**
                      28 Bridgeside Boulevard
                      Mount Pleasant, South Carolina 29464
                      Phone: (843) 216-9000
                      kdean@motleyrice.com
                      lheath@motleyrice.com
                      mkimpson@motleyrice.com

                      Luther J. Battiste, III, Esq.
                      **JOHNSON TOAL & BATTISTE, P.A.**
                      1615 Barnwell St.
                      Columbia, South Carolina 29202
                      Phone: (803) 252-9700
                      bat@jtbpa.com

                      *ATTORNEYS FOR PLAINTIFF*