UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JAMES AND JOAN ASSEY | ) | Civil Action No.: 3:22-cv-02647-JDA |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **DEFENDANT** |
| vs. | ) | **AMERICAN HONDA** |
| | ) | **MOTOR CO, INC.'S REPLY IN** |
| AMERICAN HONDA MOTOR CO, INC. | ) | **SUPPORT OF ITS** |
| | ) | **OMNIBUS MOTION *IN LIMINE* NO. 1** |
| Defendant. | ) | |

Defendant American Honda Motor Co., Inc. ("AHM") files this reply in support of its omnibus motion *in limine* [ECF No. 119], stating as follows:

I.   **EVIDENCE TO BE EXCLUDED**

1. **Evidence Regarding Discovery Disputes and History**

Plaintiffs agree that evidence about discovery disputes has "limited value[.]" [ECF No. 136 at 1]. Yet despite this representation, Plaintiffs inaccurately continue that "if it is shown to be probative, such evidence is admissible at trial." [*Id.*]. Not only do Plaintiffs ignore that the Federal Rules of Evidence have limits to the admission of probative evidence at trial under FED. R. EVID. 403 (permitting the court to exclude evidence for prejudice, confusion, waste of time, or other reasons), but they fail to identify any *specific* discovery dispute that would even be arguably relevant. This is because discovery disputes before trial have no bearing on whether the subject 2020 Honda Odyssey was defective.

Plaintiffs make the baseless argument that they should be able to use discovery disputes to show a jury that AHM is "delaying and withholding much information." [ECF No. 136 at p. 1]. This not only ignores the procedural history of this case but contradicts the legal standards governing spoliation and admissibility.

First, Plaintiffs have not filed any motion with the Court to seek additional discovery. Plaintiffs had ample opportunity to raise any genuine spoliation or discovery issue through a timely and proper motion before trial. If Plaintiffs truly believed AHM was withholding documents, they should have timely raised it with the Court so the Court could have made an appropriate adjudication. Having failed to do this, Plaintiffs should not now be allowed to introduce evidence of discovery disputes that were never presented or ruled on by the Court to improperly suggest to the jury that AHM was "delaying and withholding."

Second, Plaintiffs have not satisfied the legal threshold requirement for a spoliation finding. A party bringing a motion for sanction based on spoliation must show: (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Atanassova v. General Motors LLC*, 2023 WL 2674383, *2 (D.S.C. March 28, 2023). Here, Plaintiffs cannot meet these requirements to prove spoliation when they cannot even point to specific conduct that would arise to the level of spoliating or withholding evidence. The overly broad assertion that "Defendant's conduct in discovery is relevant for evidentiary inferences," is simply inadequate to suggest that AHM withheld or spoliated documents in this case. Plaintiffs should not be able to make such inflammatory argument to the jury when they cannot make a showing to satisfy the elements of a spoliation claim.

Finally, allowing Plaintiffs to reference unspecified discovery disputes at trial risks misleading the jury and unfairly prejudicing AHM. Discovery issues are matters for the Court, not the jury. References to prior meet-and-confer communications, motions, or disputes about compliance with discovery obligations would require the jury to speculate about procedural history

outside their purview and responsibility as the fact-finder. Indeed, discovery disputes, by their nature, involve contested positions and evolving understandings between the parties – they are not substantive, admissible evidence. Plaintiffs' intent to use discovery disputes as suggestions of impropriety and spoliation by AHM shows that mere references to previous discovery disputes is not only unfairly prejudicial and misleading, but also speculative. Nothing in the record suggests that AHM has failed to disclose any documents to Plaintiffs. Plaintiffs should not be permitted to suggest otherwise to the jury.

The Court should grant AHM's motion *in limine* to exclude any reference to discovery disputes and history during trial.

## 2. Post-Distribution Evidence

Plaintiffs seemingly agree that post-distribution evidence is not admissible at trial. [ECF No. 136 at 2]. Indeed, *Branham v. Ford Motor Co.*, 390 S.C. 203, 227-30, 701 S.E.2d 5 (2010), a case cited by Plaintiffs, makes clear that "[t]he use of post-distribution evidence to evaluate a product's design through the lens of hindsight is improper." Accordingly, AHM respectfully requests that the Court enter an *in limine* Order granting its motion and precluding Plaintiffs from offering, or otherwise discussing, post-distribution evidence.

## 3. Other Settlements, Verdicts, Judgments, Order Against AHM or Other Automobile Manufacturers

Plaintiffs agree to not offer any evidence of other settlements, verdicts, judgments, and orders against AHM or other automobile manufacturers at trial. Accordingly, AHM respectfully requests that the Court enter an *in limine* Order granting this motion.

## 4. Evidence of AHM's Wealth v. Evidence of AHM's "Net Income."

In their Response, Plaintiffs agree to not enter any evidence of AHM's wealth unless AHM refuses to enter into a net worth stipulation or other appropriate financial stipulation related to

AHM's ability to pay punitive damages if requested/authorized at trial. [ECF No. 136]. Plaintiffs' reservations should not prevent an *in limine* order preventing Plaintiffs, their counsel, or their experts from improperly addressing AHM's wealth and net worth during trial.

To address Plaintiffs' concerns, AHM believes it is premature to determine whether a stipulation as to net worth is necessary here. AHM has a motion for partial summary judgment in relation to Plaintiffs' punitive damages claim pending before the court. Further, AHM will be entitled to move for directed verdict both after Plaintiffs' case-in-chief and after the close of evidence. AHM will agree to an acceptable and appropriate net worth stipulation, that complies with *Branham v. Ford Motor Co.*, 390 S.C. 203, 239-40, 701 S.E.2d 5, 24-25 (2010), only if Plaintiffs have a punitive cause of action after the close of discovery. However, until this occurs, Plaintiffs should not be permitted to inject evidence of AHM's wealth and net worth at trial, just as AHM already agreed in response to Plaintiffs' Omnibus Motion *in Limine*, that it will not make statements to the jury that it is unable to pay a verdict. [*See* ECF No. 132, at 8].

Accordingly, the Court should grant AHM's motion *in limine* to exclude any reference to AHM's wealth, net worth, and "net income" at trial.

5. **References to New Defect Theories or Causes of Action at Trial**

Plaintiffs concede in their Response that "[d]iscovery has closed, experts have submitted reports and have been deposed," and that they do not have any new defect theories. [ECF No. 136, at 5]. Accordingly, AHM requests that its motion *in limine* to exclude references to any new defect theories or causes of action that were not disclosed in discovery be granted, and Plaintiffs be prohibited from contradicting their representations in their Response at trial.

6. **References to Japanese, Asian, or "anti-American"**

Plaintiffs' statement in their Response that "AHM's corporate entity is a Japanese company" is false and misleading. AHM is a North American company. AHM is incorporated in the State of California and its principal office is in California. AHM is not a Japanese company.

AHM assumes that Plaintiff meant to say that AHM's *parent company* Honda Motor Corporation ("HMC") is a Japanese corporate entity. This is true, and, as stated in AHM's principal motion, AHM does not seek to exclude limited questions about AHM's corporate structure at trial.

That said, Plaintiffs should not be permitted to prejudice the jury against AHM by falsely stating, as they did in their Response, that AHM is a Japanese company. Plaintiffs' Response exemplifies the prejudicial, confusing and misleading effect that comments or references to AHM as a "Japanese company," "Asian company," "foreign company," and/or "foreigners" may have to a jury.

But most important, such inflammatory commentary is irrelevant to whether the driver's seat and/or driver's restraint system in the Odyssey was defective and the proximate cause of Plaintiffs' injuries. Plaintiffs do not even attempt to address how AHM's nationality could be remotely relevant to their claims. This is because it is not probative to any of their claims, and any extended commentary about "AHM's corporate entity" being a "Japanese company" would only be intended to incite prejudices and distrust in the jury.

AHM respectfully requests that its motion *in limine* to exclude any references to AHM's Japanese or Asian affiliations be excluded at trial as irrelevant and unfairly prejudicial.

7. **Calling Honda's In-House Counsel as a Witness at Trial**

Plaintiffs do not object to this motion. Accordingly, AHM respectfully requests that the Court enter an *in limine* Order granting this motion.

5

### 8. References to Honda's State of Mind

In their Response, Plaintiffs state, "Mr. Sicher is testifying as an expert as to what Honda's duties are in designing the occupant protection systems and selling a vehicle that meets appropriate engineering standards that would be applicable at that time." [ECF No. 136, at 6]. AHM does not disagree that, with the proper evidentiary foundation, Sicher may be permitted to testify as to the engineering standards applicable at the time of the subject Odyssey's design and manufacture. AHM's Motion, however, does not seek to exclude testimony of this nature. It instead seeks to exclude Sicher's improper references and suggestions to what **Honda** was concerned about, expected, recognized, or was aware of, because such opinions are purely speculative and outside the scope of his knowledge. Federal Rules of Evidence 602 and 702 prohibit even an expert from testifying at trial about unsupported opinions and speculation.

Plaintiffs' experts may not testify to things they have no knowledge of. If Plaintiffs have questions as to what Honda's "state of mind" was at the times relevant to this litigation, they need to refer these questions to Honda's corporate witness who will be present at trial – not their own experts who have never worked for Honda and have no personal knowledge as to how decisions at Honda were made.

For these reasons, and those stated in its Principal Motion, AHM respectfully requests that this Court issue an order barring Plaintiffs, their counsel, their witnesses, and specifically, Larry Sicher, from making any reference to or offering any opinions concerning Honda's "state of mind."

### 9. Calling Honda's Technical Specialist as a Witness at Trial

Plaintiffs do not object to this motion. Accordingly, AHM respectfully requests that the Court enter an *in limine* Order granting this motion.

6

## II. CONCLUSION

For all of these reasons, and those stated in its principal Omnibus motion, Defendant American Honda Motor Co., Inc. requests that this Court enter an order *in limine* excluding the irrelevant and otherwise inadmissible evidence identified in this Motion.

Respectfully submitted,

BOWMAN AND BROOKE LLP

By: *s/ Patrick J. Cleary*
Patrick J. Cleary (Fed. Bar No. 11096)
Patrick.Cleary@bowmanandbrooke.com
1441 Main Street, Suite 1200
Columbia, SC 29201
Phone: (803) 726-7420; Fax: (803) 726-7421

WATKINS & EAGER, PLLC
David L. Ayers (MSB No. 1670, *Pro Hac Vice*)
dayers@watkinseager.com
Briana A. O'Neil (MSB No. 105714, *Pro Hac Vice*)
boneil@watkinseager.com
400 East Capitol Street (39201)
P.O. Box 650
Jackson, MS 39205
Phone: (601) 965-1900; Fax: (601) 965-1901

Attorneys for Defendant
*AMERICAN HONDA MOTOR CO., INC.*

April 11, 2025
Columbia, South Carolina