# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| JAMES M. ASSEY AND JOAN P. ASSEY ) | Civil Action No. 3:22-cv-02647-JDA |
| Plaintiffs, ) | |
| vs. ) | **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE DR. CAMACHO FROM OFFERING OPINIONS ON JAMES ASSEY'S PRE-INJURY SPINAL CONDITION AND INJURY CAUSATION TESTIMONY** |
| AMERICAN HONDA MOTOR CO., INC. ) | |
| Defendant. ) | |

Plaintiffs James M. Assey and Joan P. Assey (collectively "Plaintiffs"), by and through the undersigned counsel, respectfully offers this Reply in Support of their Motion *in Limine* to Exclude Dr. Camacho from Offering Opinions on James Assey's Pre-Injury Spinal Condition and Injury Causation Testimony.

Dr. Camacho has no foundation for his opinions on Mr. Assey's pre-accident spinal condition. This is true for both the supposed degenerative disc disease, as well as the purported extreme curvature that Dr. Camacho claims existed. It is pure speculation on behalf of Dr. Camacho on what the state of Mr. Assey's spine was pre-accident, as he is relying on nothing but imaging taken post-accident with no medical history or spinal images taken pre-accident. As previously discussed in Plaintiffs motion,[1] Dr. Camacho admits he has seen no pre-injury records. He also admits that the post-accident radiology he has seen do not agree with his interpretation and tries to

---

[1] *See Plaintiffs' Motion in Limine to Exclude Dr. Camacho from Offering Opinions on James Assey's Pre-Injury Spinal Condition and Injury Causation Testimony* [ECF No. 124, p. 5].

explain it away by saying that interpreting radiologists are only looking at what they need to acutely take care of the patient, and so their interpretations would not have the detail he has created. Exhibit 1, Dr. Camacho Dep. Tr. 60:15-62:8. Under Fed. R. Civ. P. 702, an expert's testimony must be "based on sufficient facts or data". Dr. Camacho has none.

Dr. Camacho also lacks foundation for his opinion on how the fracture happened before Mr. Assey moved back and interacted with the seat. As previously argued,[2] Dr. Camacho states that for the biomechanical movement, the timing of Mr. Assey's detailed movements and when he was injured, the detailed positioning of Mr. Assey in his seat, and specific magnitudes of loads at any point in the accident, he is deferring to Dr. Toomey. Despite these statements, Dr. Camacho did attempt to render injury causation opinions. Dr. Camacho should not be allowed to offer biomechanical opinions that he stated he deferred to others. By deferring to Dr. Toomey, Dr. Camacho has limited his qualifications.

Furthermore, Dr. Camacho's geometry for the Cobb angle is completely wrong. It's not based on anything other than an article taken out of context. Because the state of the spines in the Fon study[3] cannot be compared to the spine of Mr. Assey, the Court should declare any reference to the article cannot be made at trial, and no opinions based on it admissible. "[I]f the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only is their probative value is helping the jury evaluate the opinions substantially outweighs their prejudicial effect." Fed. R. Evid. 703. Clearly the Cobb angle Dr. Camacho creates does not meet this test. Dr. Camacho has not "reliably applied the principles and methods to the facts of the case" in violation of Fed. R. Civ. P. 702. *See* Fed. R. Evid. 702 Advisory Committee Notes (2000

---

[2] *Id.* at p. 7.
[3] *Id.* at p. 5, fn. 1.

Amendments) (a factor for judging the reliability of expert testimony is "[w]hether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion.") (citing *General Electric v. Joiner*, 522 U.S. 136, 146 (1997)).

For all of the above reasons previously stated, the Plaintiffs request that this Honorable Court grant Plaintiffs Motion *in Limine* to Exclude Dr. Camacho from Offering Opinions on James Assey's Pre-Injury Spinal Condition and Injury Causation Testimony.

Respectfully submitted this the 11th day of April 2025.

By: *s/ Kevin R. Dean*
Kevin R. Dean *(Fed. I.D.: 8046)*
Lee M. Heath *(Fed. I.D.: 9794)*
Marlon Kimpson, Esq. *(Fed I.D.: 17042)*
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Phone: (843) 216-9000
kdean@motleyrice.com
lheath@motleyrice.com
mkimpson@motleyrice.com

Luther J. Battiste, III, Esq.
**JOHNSON TOAL & BATTISTE, P.A.**
1615 Barnwell St.
Columbia, South Carolina 29202
Phone: (803) 252-9700
bat@jtbpa.com

*ATTORNEYS FOR PLAINTIFF*