UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JAMES M. ASSEY AND JOAN P. ASSEY | ) ) ) | Civil Action No. 3:22-cv-02647-JDA |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | **PLAINTIFFS' OBJECTIONS TO DEFENDANT'S RULE 26(a)(3) PRETRIAL DISCLOSURES** |
| AMERICAN HONDA MOTOR CO., INC. | ) ) ) ) | |
| Defendant. | ) ) ) ) ) ) | |

Plaintiffs James M. Assey and Joan P. Assey (collectively "Plaintiffs"), by and through the undersigned counsel, object to the admissibility of the materials from American Honda Motor Co., Inc. ("AHM") as indicated in the below table for the reasons detailed below.

| Deponent / Exhibit | Objectionable Lines / Bates Numbers | Comments |
|---|---|---|
| D6 (a, c, and d) | SCHP 000001-000013 SCHP 000192-000200 SCHP 000201-000202 | FRE 801 |
| D7 | SCDPS911 000001-000022 | FRE 801 |
| D8 | Irmo Fire Dept 000001 | FRE 801 |
| D9 | Lexington EMS 000001-000008 | FRE 801 |
| D10, D11 | Allstate 000001-000014; Liberty Mutal Insurance 000001-000771 | These exhibits involve auto insurance for the parties involved and insurance for parties outside this litigation. Evidence that a person was or was not insured is not admissible. |
| D12, D13 | | Objection; as to irrelevant hearsay portions regarding speeds pending the Court's ruling on |

| Deponent / Exhibit | Objectionable Lines / Bates Numbers | Comments |
|---|---|---|
| | | Plaintiffs' Motion *in Limine* as regards admissibility of speeds. FRE 801. |
| D18, D19 | Midlands 001-009; PhilHughes 001-055 | FRE 801 |
| D171-174 | | Objection to the extent any of these exhibits have not been produced to Plaintiffs. Plaintiffs request these exhibits be produced for review and consideration prior to their use at trial. |
| D179 | | FRE 401-403 |
| D183-184 | | Objection to the extent any of these exhibits have not been produced to Plaintiffs. Plaintiffs request these exhibits be produced for review and consideration prior to their use at trial. |
| D187-196 | | Objection to the extent any of these exhibits have not been produced to Plaintiffs. Plaintiffs request these exhibits be produced for review and consideration prior to their use at trial; D194 contains ID only articles and papers and as such are inadmissible. D196 is a deposition transcript and as such is inadmissible. |
| D199-208 | | Objection to the extent any of these exhibits have not been produced to Plaintiffs. Plaintiffs request these exhibits be produced for review and consideration prior to their use at trial. D208 contains ID only articles and papers and as such are inadmissible. |
| D263-265 | | Objection to the extent any of these exhibits have not been produced to Plaintiffs. Plaintiffs request these exhibits be produced for review and consideration prior to their use at trial. |
| D274 | | Objection to the extent any slide contains material not already reviewed or inspected as part of pre-trial exchanges. |
| Corey Kracht deposition designations | | No objections; No Counter Designations |

## **Exhibits**

The exhibits listed in the table above which AHM has listed as trial exhibits are inadmissible as evidence and exhibits for the reasons stated above and because the documents are

2

otherwise improper, cumulative or irrelevant to any issue to be tried in this case. Notwithstanding the referenced objections, Plaintiffs expressly reserve the right to object to any exhibit on grounds of relevance under Fed. R. Evid. 402 or 403 at the appropriate time. Further, Plaintiffs' objections for all of Defendant's exhibits are subject to amendment at any time upon discovery that an exhibit Defendant intends to offer does not match the document upon which Plaintiffs has asserted their objection. For documents identified on Defendant's exhibit list that are not presently in Plaintiffs' possession, Plaintiffs object to such exhibits upon all available groups for exclusion, until such time as a copy of such exhibits have been provided to Plaintiffs.[1] Lastly, Plaintiffs object to the numerous exhibits entries that do not properly identify individual exhibits but multiple, separate documents that should be identified separately.

*[Signature page to follow]*

---

[1] Defendant states in their pre-trial disclosures that they reserve the right to use and offer into evidence English translations of any document listed that was produced in Japanese language [Dkt. No. 143, fn. 1, p. 6]. Plaintiffs object to the introduction of any English translation, which must be a certified translation, before Plaintiffs have a chance to review the translation and corroborate its authenticity.

Respectfully submitted,

        By:   *s/ Kevin R. Dean*_____
              Kevin R. Dean *(Fed. I.D.: 8046)*
              Lee M. Heath *(Fed. I.D.: 9794)*
              Marlon Kimpson, Esq. *(Fed I.D.: 17042)*
              **MOTLEY RICE LLC**
              28 Bridgeside Boulevard
              Mount Pleasant, South Carolina 29464
              Phone: (843) 216-9000
              kdean@motleyrice.com
              lheath@motleyrice.com
              mkimpson@motleyrice.com

              Luther J. Battiste, III, Esq.
              **JOHNSON TOAL & BATTISTE, P.A.**
              1615 Barnwell St.
              Columbia, South Carolina 29202
              Phone: (803) 252-9700
              bat@jtbpa.com

              *ATTORNEYS FOR PLAINTIFF*

Mount Pleasant, South Carolina
Dated: April 23, 2025