**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| JAMES M. ASSEY AND JOAN P. ASSEY  )<br>  )<br>Plaintiffs,  )<br>  )<br>vs.  )<br>  )<br>AMERICAN HONDA MOTOR CO., INC.  )<br>  )<br>Defendant.  )<br>  ) | Civil Action No. 3:22-cv-02647-JDA<br><br><br><br>**DEFENDANT AMERICAN HONDA<br>MOTOR CO., INC.'S RESPONSE TO<br>PLAINTIFFS' OBJECTIONS TO<br>DEFENDANT'S BILL OF COSTS** |

In response to Plaintiffs' Objections to Defendant's Bill of Costs, Defendant American Honda Motor Co., Inc. ("AHM") attaches the underlying receipts and invoices for the incurred fees, attached hereto as Exhibit "A," and states the following:

**A.     Printing**

The $32,400.21 included in Defendant's Bill of Costs for copying and printing are correct and necessarily incurred in this case. In advance of trial, the Court required the parties to deliver two (2) hard copies of the exhibits in this case to the Court prior to trial. Accordingly, these copying/printing expenses were necessary and required costs in this case.

**B.     Subsistence and Travel Costs for Witnesses**

AHM refers to the receipts and invoices attached as Exhibit "A" as evidence of the actual costs incurred for each of AHM's *out-of-state* experts to attend and participate in trial. Moreover, Plaintiffs' reliance on the GSA's per diem limits for daily lodging rates is not warranted or reasonable in this case because, as the Court is aware, graduation occurred at the University of South Carolina on May 10, 2025. Accordingly, hotel prices were much greater than the GSA's per diem limit in the Columbia, SC for the times relevant to this trial at all hotels in the area. Finally, AHM should be permitted to recover for each experts' hotel room for the night prior to their day or days of testifying, or if the witness was

prepared to testify the afternoon to before but was not called until the next morning, because, again, each expert traveled to Columbia, SC, from out-of-state for trial.

In regard to Harry Pearce's lodging for trial attendance, the hotel did charge AHM for his attendance from 5/8-5/12/2025. However, Plaintiffs are correct that Pearce testified on 5/9/2025, and thus, AHM will only seek costs for Pearce's lodging for 5/8/2025 (night prior to testimony) to 5/9/2025 (day of departure), which is for the amount of $192.60.

### C. Deposition Transcript and Video of Corey Kracht

AHM should be able to recover for both the deposition transcript and video of Corey Kracht. The deposition video was shown, in portions, to the jury. The deposition transcript was provided to the court reporter for transcription needs. Accordingly, both were necessary and required costs of trial.

### D. *Pro Hac Vice* Fees

Under FED. R. CIV. P. 54(d), costs for "Court Filing Fee(s)" are allowable. While Plaintiffs are correct that there is a split among the Circuits and within the courts of this district as to whether *pro hac vice* fees are taxable costs under section 1920, the Court should be guided by Judge J. Michelle Childs's ruling in *Phillips and Jordan, Inc. v. McCarthy Improv. Co.*, No. 5:18-cv-005599-JMC, 2021 WL 364644, *5 (D.S.C. Feb. 3, 2021) wherein she determined that such costs "are taxable because, in this court's view, they amount to fees of the Clerk." Accordingly, AHM should be permitted these court filing fee charges that were necessary and required for it to defend itself in this action.

### E. Rough Drafts of Trial Transcripts

Finally, AHM should be permitted to recover for the rough draft of trial transcripts which were limited only to *Plaintiffs' experts*. In order for AHM's experts to effectively rebut Plaintiffs' experts' opinions in this case, AHM's experts needed to know what Plaintiffs' experts testified to at trial. Accordingly, AHM requested only rough draft trial transcripts that were limited to Plaintiffs' experts'

testimony. Notably, this was much more cost-effective than requiring AHM's out-of-state experts to attend trial on the relevant days Plaintiffs' experts testified. The rough drafts of the trial transcripts were also necessary for AHM to prepare dispositive motion arguments as well. Accordingly, the rough drafts of the trial transcripts limited to Plaintiffs' testifying experts was a necessary trial expense required for AHM to appropriately defend itself against Plaintiffs' claims.

F.     Conclusion

In conclusion, AHM's costs and fees sought in its Bill of Costs were necessarily incurred in this case and permitted under 28 U.S.C. § 1920 and FED. R. CIV. P. 54(d). AHM respectfully requests that the Court overrule Plaintiffs' objections and grant its Bill of Costs in the amount of **$44,305.50** which is the total amount that excludes Harry Pearce's hotel cost from 5/9/2025-5/12/2025.

Respectfully submitted,

BOWMAN AND BROOKE LLP

By: *s/ Patrick J. Cleary*
Patrick J. Cleary (Fed. Bar No. 11096)
Patrick.Cleary@bowmanandbrooke.com
1441 Main Street, Suite 1200
Columbia, SC 29201
Phone: (803) 726-7420; Fax: (803) 726-7421

WATKINS & EAGER, PLLC
David L. Ayers (MSB No. 1670, *Pro Hac Vice*)
dayers@watkinseager.com
Briana A. O'Neil (MSB No. 105714, *Pro Hac Vice*)
boneil@watkinseager.com
400 East Capitol Street (39201)
P.O. Box 650
Jackson, MS 39205
Phone: (601) 965-1900; Fax: (601) 965-1901

Attorneys for Defendant
*AMERICAN HONDA MOTOR CO., INC.*

June 23, 2025
Columbia, South Carolina