**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| JAMES M. ASSEY AND JOAN P. ASSEY | ) )  Civil Action No. 3:22-cv-02647-JDA |
| Plaintiffs, | ) ) ) |
| vs. | ) **PLAINTIFFS' OBJECTIONS TO** |
| | ) **DEFENDANT AMERICAN HONDA** |
| AMERICAN HONDA MOTOR CO., INC. | ) **MOTOR CO., INC.'S RESPONSE TO** |
| | ) **PLAINTIFFS' OBJECTIONS TO** |
| | ) **DEFENDANT'S BILL OF COSTS** |
| Defendant. | ) ) |

Plaintiffs James M. Assey and Joan P. Assey (collectively "Plaintiffs"), by and through the undersigned counsel, submits their Objections to Defendant American Honda Motor Co., Inc.'s ("Defendant's") Response to Plaintiffs' Objections to Defendant's Bill of Costs [ECF 214].

## BACKGROUND

Defendant filed a Bill of Costs on June 2, 2025 [ECF 209] seeking recovery of $48,447.93. Defendant's Bill of Costs were not supported by any records, details, invoices, receipts or other evidence of actual costs, and included fees and expenses that are excessive, that are not recoverable, and/or that are not supported sufficiently. Consequently, Plaintiffs filed Objections to Defendant's Bill of Costs on June 16, 2025 [ECF 210].

On June 23, 2025, Defendant filed a Response to Plaintiffs' Objections to Defendant's Bill of Costs ("Response") [ECF 214] to which Defendant attached Exhibit A: Expense Details ("Expense Details") [ECF 214-1]. However, Defendant's costs continue to include fees and expenses that are excessive, that are not recoverable, and/or that are not supported sufficiently.

## ARGUMENT

Defendant's Response [ECF 214] and Expense Details [ECF 214-1] are inadequate to support Defendant's Bill of Costs [ECF 209]. Defendant's Bill of Costs includes claimed fees and expenses that are excessive, not recoverable and/or not supported by sufficient records. Furthermore, the Expense Details [ECF 214-1] has revealed additional issues with Defendant's Bill of Costs, such as costs for expedited transcripts and other ancillary and/or nontaxable fees.

1. **Defendant's Bill of Costs includes claimed fees and expenses that are excessive, that are not recoverable, and that are not supported by sufficient records:**

    a. **Fees and disbursements for printing totaling $32,400.21**

The $32,400.21 included in Defendant's Bill of Costs for fees and disbursements for printing [ECF 209 at 1] should be denied as they are excessive, unrecoverable, unsubstantiated, and/or unnecessary. Defendant's Response [ECF 214] and Expense Details [ECF 214-1] also lack the necessary detail, explanation, or other evidence sufficient to provide the Court with adequate information to make a judgment as to the necessity and recoverability of the claimed fees and disbursements for printing expenses.

Defendant's Bill of Costs included a table with a breakdown of the $32,400.21

| BILL DATE | DESCRIPTION | CATEGORY NAME | EXPENSE AMOUNT | Invoice Number[1] |
|---|---|---|---|---|
| 2024/12/04 | NOVA - Copies/printing of items required by Judge Austin for trial | Court Cost-Printing | $38.77 | 4171462 |
| 2024/12/27 | NOVA - Copies/printing of items required by Judge Austin for trial | Court Cost-Printing | $54.21 | 4171776 |
| 2025/04/30 | NOVA - Copies/printing of items required by Judge Austin for trial | Court Cost-Printing | $924.48 | 4174115 |
| 2025/04/30 | NOVA - Copies/printing of items required by Judge Austin for trial | Court Cost-Printing | $777.60 | 4174149 |
| 2025/04/30 | NOVA - Copies/printing of items required by Judge Austin for trial | Court Cost-Printing | $30,605.15 | 4174201 |

---

[1] The original table did not contain the column "Invoice Number". Plaintiffs have added it here for ease of identification of which expenses in the Bill of Costs [ECF 209 at 5] correspond to which NOVA invoice [ECF 214-1 at 7-11].

2

[ECF 209 at 5]. Defendant's Expense Details contain **five (5) invoices** from NOVA [ECF 214-1 at 7-11], which correspond to the dates and expense amounts listed in the chart in Defendant's Bill of Costs [ECF 209 at 5]. However, Defendant's Response is unclear as to which invoice(s) it is referring to. Defendant's Response as to "Printing" only stated the following,

> The $32,400.21 included in Defendant's Bill of Costs for copying and printing are correct and necessarily incurred in this case. In advance of trial, the Court required the parties to deliver two (2) hard copies of the exhibits in this case to the Court prior to trial. Accordingly, these copying/printing expenses were necessary and required costs in this case.

(*emphasis added*) [ECF 214 at 1].

While Defendant has now provided five (5) invoices which include charges for copying or printing of some kind, these invoices do not specify exactly what was copied, for what purpose, or why it was necessary to the case. *See Belk, Inc. v. Meyer Corp., U.S.*, No. 3:07-CV-168-DSC, 2010 WL 3474918, at *15 (W.D.N.C. Aug. 31, 2010). "[T]he prevailing party must provide the Court with enough information to make a judgment as to the necessity of the copies." *Ramonas v. West Virginia University Hospitals–East, Inc.*, No. 3:08–cv–136, 2010 WL 3282667, at *6–7 (N.D.W.Va. Aug.19, 2010). "The burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge." *Ford v. Zalco Realty, Inc.*, No. 1:08–cv–1318, 2010 WL 1228046, at *4 (E.D.Va. March 25, 2010). Defendant has failed to meet this burden. "[N]o litigation costs should be awarded in the absence of adequate documentation." *Trimper v. City of Norfolk*, 58 F.3d 68, 77 (4th Cir.1995). *See also*, *Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 513 (E.D.N.C. 2012), aff'd, 551 F. App'x 646 (4th Cir. 2014).

NOVA Invoice 4171462 dated 12/04/2024 for the amount of $38.77[2] includes a handwritten "Description of Expense" as "Bind Court Copies" [ECF 214-1 at 7]. However, this invoice does not include what exactly was copied, or for what specific purpose. Due to the date, it is unlikely this invoice is related to the required hard copies of exhibits for the Court prior to trial[3] as noted in Defendant's Response [ECF 214 at 1]. The invoice includes the following expenses:

| Description | Quantity | Rate | Total Amount |
| --- | --- | --- | --- |
| Copies of B/W 8.5 x 11 originals | 137 | $0.10 | $13.70 |
| Copies of Color 8.5 x 11 originals | 24 | $0.55 | $13.20 |
| Sets of alpha numeric tabs | 15 | $0.35 | $5.25 |
| Coil Binding | 1 | $3.75 | $3.75 |

[ECF 214-1 at 7]. The rate of ten cents per page for black and white copies is reasonable. However, color printing is unnecessary and excessive. Even if the Court should find the printing costs taxable, the excessive cost of color printing should be excluded. Likewise, the costs associated with tabs and binding should be excluded. *See Couram v. S.C. Dep't of Motor Vehicles*, No. CIV.A. 3:10-00001, 2011 WL 6115509, at *3 (D.S.C. Dec. 8, 2011)(Finding not taxable the costs for binding the court's courtesy copy of a motion even when done in accordance with the court's filing preferences).[4, 5]

NOVA Invoice 4171776 dated 12/27/2024 for the amount of $54.21 includes no indication as to the purpose or what exactly was copied [ECF 214-1 at 8]. Due to the date, it is also unlikely

---

[2] Sales tax for all five (5) NOVA Invoices was noted as 8.0%,
[3] Trial beginning May 5, 2025.
[4] 28 U.S.C. § 1920(3) allows costs for "[f]ees and disbursements for printing." "However, in this court, fees sought under section 1920(3) are not usually involved in trial court proceedings, but rather are taxed by the United States Court of Appeals and allowance added to costs recoverable in trial court" *Couram*, 2011 WL 6115509, at *3 (*internal quotations omitted*).
[5] In the District of South Carolina, the Court's preferences include binding and tabbing of courtesy copies exceeding 50 pages. *See Judges' Filing Preferences*, https://www.scd.uscourts.gov/CMECF/preferences .asp#jaustin (last visited June 25, 2025).

4

to be related to the required hard copies of exhibits for the Court prior to trial as noted in Defendant's Response [ECF 214 at 1]. The invoice includes the following expenses:

| Description | Quantity | Rate | Total Amount |
|---|---|---|---|
| Copies of B/W 8.5 x 11 originals | 391 | $0.10 | $39.10 |
| Sets of alpha numeric tabs | 21 | $0.35 | $7.35 |
| Coil Binding | 1 | $3.75 | $3.75 |

[ECF 214-1 at 8]. Defendants have failed to provide sufficient information as to what exactly was printed or copied, and why it was necessary to the case. For the reasons stated previously, the costs associated with tabs and binding should also be excluded.

NOVA Invoice 4174115 dated 4/29/2025 for the amount of $924.48 [ECF 214-1 at 9] and NOVA Invoice 4174149 dated 4/29/2025 for the amount of $777.60 [ECF 214-1 at 10] include no indication as to the purpose or what exactly was printed. These charges were for "Foam Core Mounts, unlikely to be related to the required hard copies of exhibits for the Court prior to trial as noted in Defendant's Response [ECF 214 at 1]. The invoices include the following expenses:

| Description | Quantity | Rate | Total Amount |
|---|---|---|---|
| **NOVA Invoice 4174115** | | | |
| • Foam Core Mount B/W 36 x 48 | 4 | $72.00 | $288.00 |
| • Foam Core Mount Color 36 x 48 | 2 | $144.00 | $288.00 |
| • Foam Core Mount Color 17 x 22 | 1 | $40.00 | $40.00 |
| • Foam Core Mount B/W 17 x 22 | 8 | $30.00 | $240.00 |
| **NOVA Invoice 4174149** | | | |
| • Foam Core Mount Color 36 x 48 | 5 | $144.00 | $720.00 |

[ECF 214-1 at 9-10]. Defendants have provided no explanation for why these foam boards were necessary, or for the excessive cost of color printing. If these should be considered exemplification[6] costs of exhibits, and the Court finds the reproduction costs to be taxable, the

---

[6] Defendant's Bill of Costs only list these under "*Fees and disbursements for printing*" which correlates to 28 U.S.C. §1920(**3**). Defendant left blank the section for "*Fees for exemplification*

5

enlargement costs should not be. Section 1920(4) provides that a court may tax "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." However, in applying Section 1920(4) …a court must heed the admonition of the Supreme Court that 'the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute.'" *Bd. of Directors, Water's Edge v. Anden Grp.,* 135 F.R.D. 129, 137 (E.D. Va. 1991). "When considering whether a demonstrative exhibit was 'necessarily obtained for use in the case,' 28 U.S.C. § 1920(4), courts must determine whether the exemplification [was] vital to the presentation of the information, or [whether it] was ... merely a convenience or, worse, an extravagance." *Silicon Knights, Inc.,* 917 F. Supp. 2d at 514(internal citations omitted). *See also Bd. of Directors, Water's Edge* 135 F.R.D. at 138 (Disallowing taxation of similar enlargement costs for exhibits). "For …[defendant's] limited use of defendant's exhibits…the courtroom technology would have sufficed. These… demonstrative exhibits were not necessary." *Silicon Knights, Inc.,* 917 F. Supp. 2d at 515. Here, as in *Bd. of Directors, Water's Edge v. Anden Grp*, the size of these enlargements was substantial and the enlargements were unnecessary, especially considering the video screens utilized to show jurors various exhibits.

NOVA Invoice 4174201 dated 4/29/2025 for the amount of $30,605.15 includes a handwritten "Description of Expense" as "printing + copying trial - Exhibits" [ECF 214-1 at 11]. However, this invoice does not include what exactly was specifically copied, or for what purpose color versions were included. Due to the date, and handwritten notation, this invoice *could be* related to the required hard copies of exhibits for the Court prior to trial as noted in Defendant's Response [ECF 214 at 1]. However, "[D]efendant's exhibits are not itemized or otherwise

---

*and the costs of making copies of any materials where the copies are necessarily obtained for use in the case*" which correlates to 28 U.S.C. §1920(**4**). [ECF 209].

documented in such a way as to verify that the copies were furnished to the court… and not obtained merely for counsel's own convenience." *Pharmanetics, Inc. v. Aventis Pharms., Inc.*, No. 5:03-CV-817-FL(2), 2006 WL 8438560, at *3 (E.D.N.C. Aug. 22, 2006). The invoice includes the following expenses:

| Description | Quantity | Rate | Total Amount |
|---|---|---|---|
| Blowbacks[7] - B/W 8.5x11 | 102,354 | $0.08 | $8,188.32 |
| Blowbacks - Color 8.5 x 11 | 34,118 | $0.55 | $18,764.90 |
| Sets of alpha numeric tabs | 3,132 | $0.35 | $1,096.20 |
| 5" Clearview 3-Ring Binder D-Ring Black | 28 | $34.00 | $952.00 |
| Document Prep & Assembly | 20 | $45.00 | $900.00 |

[ECF 214-1 at ]. The rate of ten cents per page for black and white copies is reasonable, however the quantity of pages appears excessive.[8] Additionally, color printing of 34,118 pages is unnecessary and excessive. Even if the Court should find the printing costs of those pages taxable, the excessive cost of color printing should be excluded. Likewise for the reasons previously stated, the $2,048.20 costs associated with tabs and binding should be excluded. Furthermore, the tab and binder costs are particularly excessive. The $900.00 labor-related costs for "Document Prep & Assembly" should also be excluded. See *U.S. ex rel. Davis v. U.S. Training Ctr., Inc.*, 829 F. Supp. 2d 329, 337 (E.D. Va. 2011) (Denying as part of copying costs under 28 U.S.C. §1920(4) any shipping or labor-related costs).

---

[7] Blowback printing refers to the printing process that is used to print copies of digital files.
[8] "The burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge." *Karnofsky v. Massachusetts Mut. Life Ins. Co.*, No. 2:14-CV-949-PMD, 2017 WL 586643, at *5 (D.S.C. Feb. 14, 2017). *Perry v. Pamlico Cty.*, No. 4:13-CV-107-D, 2015 WL 6393252, at *2 (E.D.N.C. Oct. 19, 2015) ("[D]efendants submitted a tabulation of the number of the claimed copies. Defendants do not state, however, what documents were copied, nor the purpose of the copies. Without this information, the undersigned is unable to discern whether the copies were necessarily obtained for use in this case."); *Manion v. Nitelines Kuhuna JV, LLC*, No. 7:12-CV-247-BO, 2015 WL 902479, at *2 (E.D.N.C. Mar. 3, 2015) (similar).

7

"The burden rests on the party seeking recovery of photocopying expenses to demonstrate the reasons for **each** charge." *Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.,* No. 1:17-CV-3037, 2019 WL 13150582, at *2 (D.S.C. May 31, 2019)(*emphasis added*) The Court should find the invoices submitted for printing and/or copy costs insufficient to show that the requested costs are recoverable.

### b. Subsistence and Travel costs for witnesses totaling $10,901.07

Defendant's Bill of Costs denotes excessive witness subsistence costs beyond the permissible statutory amount as stated in 28 U.S.C. §1821.

> A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

28 U.S.C. § 1821(d)(1). Defendant has stated each of its experts traveled to Columbia, SC, from out-of-state for trial [ECF 214 at 2]. However, while lodging costs for the night or nights prior to testimony may be justified, Plaintiffs do not agree that lodging costs should include those for the day of departure following testimony as per the statute such allowances are for when an **overnight** stay is required. Defendant gave no reasoning for any allowance of such. Furthermore, the statute is **explicit** as to the maximum per diem allowance:

> A subsistence allowance for a witness shall be paid in an amount **not to exceed the maximum** per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

(*emphasis added*). 28 U.S.C. § 1821(d)(2). The U.S. General Services Administration's ("GSA's") per diem limits for daily lodging rates (excluding taxes) for Columbia, SC in May 2025 is

8

$115.00.[9] Defendant's Response claims Plaintiffs reliance on the GSA's per diem limits for daily lodging rates is not warranted or reasonable [ECF 214 at 1]. However, Defendant offers no caselaw to justify the disregard of the statute, merely stating that graduation of the University of South Carolina occurred on May 10, 2025 [ECF 214 at 1]. The unsupported disregard of the clearly stated statutory maximum is **not** reasonable or warranted for Defendant's excessive lodging costs.

The subsistence costs noted as " Lodging for trial attendance" in Defendant's Bill of Costs [ECF 209 at 5] are in excess of GSA's per diem limits for daily lodging rates, and also include untaxable costs, such as parking fees, as shown in the recently provided Expense Details.

The subsistence costs included in Defendant's Bill of Costs detailed:

| BILL DATE | DESCRIPTION | CATEGORY NAME | EXPENSE AMOUNT |
|---|---|---|---|
| 2025/05/08-2025/05/12 | Expert — Harry Pearce | Lodging for trial attendance | $963.30 |
| 2025/05/10-2025/05/12 | Expert — Geoff Germane | Lodging for trial attendance | $577.98 |
| 2025/05/11-2025/05/13 | Expert — Greg Stephens | Lodging for trial attendance | $577.98 |
| 2025/05/12-2025/05/13 | Expert — Will Van Arsdell | Lodging for trial attendance | $385.32 |
| 2025/05/12-2025/05/14 | Expert — Daniel E. Toomey | Lodging for trial attendance | $610.38 |
| 2025/05/12-2025/05/13 | Expert — Daniel L. Camacho | Lodging for trial attendance | $396.12 |

[ECF 209 at 5]. Defendant's Expense Details provided invoices for the lodging costs of the above expert witnesses [ECF 214-1 at 31-34].

---

[9] U.S. General Services Administration, FY 2025 per diem rates for Columbia, South Carolina, https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-results?action=perdiems_report &fiscal_year=2025&state=SC &city=Columbia&zip= (last visited June 12, 2025).

Defense expert witness Harry Pearce, attended trial for **one** day and Defendant's Bill of Costs denotes two days[10] subsistence for a total cost of $963.30 [ECF 209 at 2]. Defendant's Response altered this requested cost stating, "AHM will only seek costs for Pearce's lodging for 5/8/2025 (night prior to testimony) to 5/9/2025 (day of departure), which is for the amount of $192.60." [ECF 214 at 2]. Defendant provides no reasoning as to why an overnight stay after Mr. Pearce testified on 5/9/2025 was *required*. Defendant's Expense Details included an invoice [ECF 214-1 at 34] which shows the daily room charge for Mr. Pierce was $169.00 (excluding tax). The costs (excluding tax) for Mr. Pearce's subsistence taxed to Plaintiffs should be limited to one night and capped to the statutory maximum of $115.00.[11]

Defense expert witness Geoff Germane, attended trial for two days. Defendant's Bill of Costs denotes three days subsistence for a total cost of $577.98 [ECF 209 at 2]. Defendant's Expense Details included an invoice [ECF 214-1 at 31] which show the charges are from 5/10/2025 (Saturday), 5/11/2025 (Sunday), and 5/12/2025 (Monday). The charges from Saturday 5/10/2025 are not taxable. The invoice also shows charges and taxes for parking, which should not be taxed to Plaintiffs. *See U.S. ex rel. Davis v. U.S. Training Ctr., Inc.,* 829 F. Supp. 2d at 334 (Ruling defendant's requested lodging expenses for trial witnesses to be reduced to correspond to the maximum per diem rates applicable to lodging during the relevant time frame and disallowing additional witness expenses requested for internet and parking as such costs are unnecessary and merely a matter of convenience). Therefore, the parking costs should be disallowed and the lodging

---

[10] Defendant's Response indicates this was a mistake, as "the hotel did charge AHM for his attendance from 5/8-5/12/2025." [ECF 214 at 2].
[11] $115.00 lodging rate + hotel taxes [ECF 214-1 at 34] of $8.45, $11.83, and $3.38 = a total of $138.66.

charges for 5/11/2025 (Sunday) and 5/12/2025 (Monday) should be limited to the statutory maximum of $115.00 (excluding taxes).[12]

Defense expert witness Greg Stephens, attended trial for **one** day. Defendant's Bill of Costs denotes **three** days subsistence for a total cost of $577.98 [ECF 209 at 2]. Defendant's Expense Details included an invoice [ECF 214-1 at 31] which show the charges include **three** days. The costs of lodging for three days when Mr. Stephens only attended trial for one day is particularly excessive and unnecessary. The costs (excluding tax) for Mr. Stephens' subsistence taxed to Plaintiffs should be limited to one night and capped to the statutory maximum of $115.00.[13]

Defense expert witness William Van Arsdell, attended trial for **one** day. Defendant's Bill of Costs denotes **two** days subsistence for a total cost of $385.32 [ECF 209 at 2]. Defendant's Expense Details included an invoice [ECF 214-1 at 32] which show the charges include two days. However, the costs (excluding tax) for Mr. Van Arsdell's subsistence taxed to Plaintiffs should be limited to one night and capped to the statutory maximum of $115.00.[14]

Defense expert witness Daniel E. Toomey attended trial for **one** day. Defendant's Bill of Costs denotes **three** days subsistence for a total cost of $610.38 [ECF 209 at 4]. Defendant's Expense Details included an invoice [ECF 214-1 at 32] which show the charges include **three** days. The costs of lodging for three days when Mr. Toomey only attended trial for one day is particularly excessive and unnecessary. Furthermore, the invoice also shows charges and taxes for parking, which should not be taxed to Plaintiffs for the reasons discussed previously. The costs

---

[12] $115.00 lodging rate for two nights + hotel taxes [ECF 214-1 at 31] of $8.45, $11.83, and $3.38 = a total of $253.66.

[13] $115.00 lodging rate + hotel taxes [ECF 214-1 at 31] of $8.45, $11.83, and $3.38 = a total of $138.66.

[14] $115.00 lodging rate + hotel taxes [ECF 214-1 at 32] of $8.45, $11.83, and $3.38 = a total of $138.66.

11

(excluding tax) for Mr. Toomey's subsistence taxed to Plaintiffs should be limited to one night and capped to the statutory maximum of $115.00.[15]

Defense expert witness Daniel L. Camacho, attended trial for **one** day. Defendant's Bill of Costs denotes two days subsistence for a total cost of $396.12 [ECF 209 at 4]. Defendant's Expense Details included an invoice [ECF 214-1 at 32-33] which show the charges include **two** days as well as charges and taxes for parking, which should not be taxed to Plaintiffs for the reasons discussed previously. The costs (excluding tax) for Mr. Camacho's subsistence taxed to Plaintiffs should be limited to one night and capped to the statutory maximum of $115.00.[16]

Plaintiffs object to the excessive subsistence costs for each of the Defendant's expert witnesses which are beyond the GSA's per diem limits, include costs for lodging beyond when an overnight stay was required, and include costs associated with parking. Such excessive costs should be excluded from any amount taxed to Plaintiffs. The subsistence costs should be limited to $970.62.[17]

Similarly, Defendant's Bill of Costs denotes travel costs for the below Defense expert witnesses, which are excessive and do not meet the requirements of 28 U.S.C. §1821:

| BILL DATE | DESCRIPTION | CATEGORY NAME | EXPENSE AMOUNT |
|---|---|---|---|
| | Expert — Harry Pearce | Witness Fee-Flight | $1,338.36 |
| | Expert — Geoff Germane | Witness Fee-Flight | $2,325.37 |
| | Expert — Greg Stephens | Witness Fee-Flight | $889.18 |
| | Expert — Will Van Arsdell | Witness Fee-Flight | $744.00 |
| | Expert — Daniel E. Toomey | Witness Fee-Flight | $1,033.98 |
| | Expert — Daniel L. Camacho | Witness Fee-Flight | $1,251.37 |

---

[15] $115.00 lodging rate + hotel taxes [ECF 214-1 at 32] of $8.45, $11.83, and $3.38 = a total of $138.66.

[16] $115.00 lodging rate + hotel taxes [ECF 214-1 at 32-33] of $8.45, $11.83, and $3.38 = a total of $138.66.

[17] $138.66 for Mr. Pearce, $253.66 for Mr. Germane, $138.66 for Mr. Stephens, $138.66 for Mr. Van Arsdell, $138.66 for Mr. Toomey, and $138.66 for Mr. Camacho.

[ECF 209 at 5]. Defendant's Expense Details [ECF 214-1 at 35-44] also fail to provide sufficient details and "receipts or other evidence of actual cost" to permit a determination that the distance necessarily traveled to and from the witness's residence was by the shortest practical route in going to and returning from the place of attendance as required by 28 U.S.C. §1821(c)(1).

Furthermore, although the cost of Defendant's expert witness's travel is likely taxable, the Defendant has not met its burden of showing that the costs incurred were "normal costs of travel" and thus permitted under 28 U.S.C. §1920[18] and that each witness, as required, utilized a common carrier at **the most economical** rate reasonably available. 28 U.S.C. §1821(c)(1).

Defendant's Expense Details [ECF 214-1 at 35-44] appear to show the expert witnesses traveled via Delta Airlines, however the details provided as to each witness vary and lack specific information. Of note, many of the details provided include evidence that these witnesses did not travel "at the most economical rate reasonably available" as required by 28 U.S.C. §1821. Such upgraded travel is not taxable to Plaintiffs. *See Precision Fabrics Grp., Inc*., 2019 WL 13150582, at *1 ("As PFG notes, "a witness shall utilize a common carrier at the most economical rate reasonably available." 28 U.S.C. § 1821(c)(1). Here, that would be coach fare. Should a party wish for its witness to travel in a more luxurious cabin, it must do so at its own expense.").

The evidence provided for Mr. Pearce's travel indicate his seat was in the Main Cabin, but not if this fare was basic or at all upgraded [ECF 214-1 at 36-37]. The return flight was listed as being on May 9, 2025, however as previously noted, the Hotel charged Mr. Pearce through May 12, 2025. It is unclear to Plaintiffs if Mr. Pearce actually travelled on the return flight noted in

---

[18] *See* 28 U.S.C. §1821(c) and *Barker v. Washington Nat. Ins. Co.*, No. 9:12-CV-1901-PMD, 2013 WL 2297058, at *3 (D.S.C. May 24, 2013).

Defendant's Expense Details [ECF 214-1 at 37]. The evidence provided for Mr. Stephens's travel indicates his seat was in Class B [ECF 214-1 at 40-41]. Class B indicates Full Fare Delta Main/Delta Comfort. Within the Main Cabin, "B" is one of the highest (most expensive) fare classes. [19] The evidence provided for Mr. Camacho's travel indicates his seats were in Delta Comfort Plus [ECF 214-1 at 35]. Delta Comfort Plus is an "upgraded experience"[20]

The evidence provided for Mr. Germane's travel indicate his seat for all three legs of his trip back to Utah was in Class J [ECF 214-1 at 38-39]. Class J indicates his seat was in Delta One/First Class.[21] The evidence provided for Mr. Van Arsdell's travel indicates his seats were in class I [ECF 214-1 at 42]. Class "I" indicates his seat was in Delta One/First Class. The evidence provided for Mr. Toomey's travel indicates his seats were in class D [ECF 214-1 at 43-44]. Class "D" also indicates his seats were in Delta One/First Class.

Plaintiff should not be taxed for the costs associated with upgraded/premium travel. Furthermore, the invoices submitted for travel costs are insufficient to show that the requested costs are recoverable, as they are missing details, and in some instances are not "receipts or other evidence of *actual* cost". Consequently, the Court should exercise its discretion as to exclude the excessive and/or untaxable witness subsistence and travel costs from any amount taxed to Plaintiffs.

---

[19] *Delta Fare Class B,* https://destinationsunknown.com/shadow-passenger/delta-fare-class-b/ (last visited June 25, 2025).
[20] *Delta Comfort,* https://www.delta.com/us/en/onboard/onboard-experience/delta-comfort-plus (last visited June 25, 2025).
[21] *How You Earn Miles & MQDs on Exception Fares,* https://www.delta.com/us/en/skymiles/how-to-earn-miles/exception-fares (last visited June 25, 2025); *Delta First,* https://www.delta.com/us/en/onboard/onboard-experience/first-class (last visited June 25, 2025); and *Delta One,* https://www.delta.com/us/en/onboard/onboard-experience/delta-one-business-class (last visited June 25, 2025) noting Delta One as "our most premium travel experience".

### c. Deposition Transcript ($649.70) and Video ($358.00) of Corey Kracht

The Fourth Circuit has held that a party is not entitled to recover the costs associated with both transcribing and videotaping a deposition, unless the party can demonstrate "that both costs were 'necessarily obtained for use in the case.' " *Teter v. Project Veritas Action Fund*, No. 1:17-CV-00256-MR, 2022 WL 989229, at *7 (W.D.N.C. Mar. 31, 2022) citing *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 449 (4th Cir. 1999)(*quoting* 28 U.S.C. §1920(2)). "The concept of necessity for use in the case connotes something more than mere convenience or duplication to ensure alternative methods for presenting materials at trial." *Id*. Here, the Defendant has not met its burden as to the necessity of fees for both the video and transcription costs. *See Cherry*, 186 F.3d at 448–49 (explaining that, although § 1920(2) allows the prevailing party to recover fees for recording a deposition by any permitted method, including stenographic transcription or video recording, the party generally cannot recover the costs of recording by more than one method). While the video was utilized by both parties, Defendant's Response simply states as to the transcript that "[t]he deposition transcript was provided to the court reporter for transcription needs." [ECF 214 at 2]. Convenience does not equate to necessity, especially considering the transcript had already been furnished by Plaintiffs.

Defendant has not demonstrated that both costs were "necessarily obtained for use in the case," 28 U.S.C. §1920(2), only the video costs should be recoverable. Therefore, Defendant's claimed costs of $649.70 for the transcript of the deposition of Mr. Kracht should be excluded from any amount taxed to Plaintiffs.

Alternatively, if the Court finds the costs for both the video and the transcript recoverable, the fees for exhibits, logistics, and electronic access should not be taxed to Plaintiffs.

> [D]efendants cannot recover the scanned exhibit fees from the depositions. A prevailing party may not recover the "costs for the inclusion of [deposition] exhibits, 'as these are primarily for the convenience of counsel, who often has a

> copy of the exhibit at hand already.' " *Bryant v. ISHPI Info. Techs. Inc.*, No. 2:18-CV-00433-DCN, 2020 WL 1027181, at *2 (D.S.C. Mar. 3, 2020) citing *Delapp v. Shearer's Foods, Inc.*, 2016 WL 1718395, at *3 (W.D. Va. Apr. 29, 2016) (quoting *Scallet v. Rosenblum*, 176 F.R.D. 522, 529 (W.D. Va. 1997)); *see also Selective Way Ins. Co. v. Apple,* 2017 WL 111439, at *2 (W.D. Va. Jan. 11, 2017) (denying recovery of cost incurred from including exhibits in deposition transcripts).

Furthermore, "[c]harges for mailing, shipping, **expedited transcripts**, video/text synchronization, rough drafts… compact discs of exhibits, and enhanced digital exhibits are not proper subjects for taxation." *Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*, 2019 WL 13150582, at *3. *See also Keralink Int'l, Inc. v. Stradis Healthcare, LLC*, No. CV CCB-18-2013, 2023 WL 6976067, at *3 (D. Md. Oct. 23, 2023) (Finding ancillary fees to depositions such as "handling," "processing," "litigation support package," and "processing and compliance" fees as not taxable costs).

The Veritext Invoice # 7478968 for the transcript of the deposition of Corey Kracht totaling $649.70, included charges which should be excluded, specifically $91.30 for Exhibits, and $28.00 for Logistics, Processing & Electronic Files [ECF 214-1 at 12]. The Veritext Invoice # 7501316 for the video of the deposition of Corey Kracht totaling $358.00, included a charge of $18.00 for Electronic Access which should be excluded as unnecessary [ECF 214-1 at 13].

### i. Transcript of the Deposition of Bruce Distell ($1,447.50)

The fees for the transcript of the deposition of Bruce Distell also include excessive and unnecessary ancillary costs which should not be taxed to Plaintiffs. Plaintiffs' Objections [ECF 210] made no argument about the necessity of the deposition transcript for Bruce M. Distell, because this transcript was used at trial in the cross examination of the witness by Defendant. However, no invoice for this transcript was included in Defendant's Bill of Costs [ECF 209]. Plaintiffs had no idea the costs included **excessive** charges for an expedited transcript, remote platform access charges, and exhibits. The recently provided Expense Details [ECF 214-1 at 14] includes: $1,200.00 for the expedited transcript, $32.50 for exhibits, $75.00 for Processing &

16

Compliance, and $40.00 for Remote Platform Access Charge. Defendant has failed to explain why these additional costs were necessary for litigation or that they are properly compensable. The fees for processing, platform access charges, expedited transcripts[22], and exhibits should be excluded.

### d. Filing fees for Motions for *pro hac vice* totaling $1,050.00

Defendant's Response includes no mention as to why the pro hac vice fees sought "were necessary and required for it to defend itself in this action." [ECF 214]. As Courts in South Carolina have recognized, *pro hac vice* fees are an expense of counsel for the privilege of practicing law in this Court. Such overhead expenses are incurred by the attorney and are not properly chargeable to the client. *See* ECF 210, *Kelley v. Int'l Bhd. of Teamsters, Loc. Union 71*, No. 4:11-CV-1268-RBH, 2014 WL 1366038, at *2 (D.S.C. Apr. 7, 2014). Counsel for Defendant has made no mention that the *pro hac vice* fees have been charged to the client American Honda Motor Co., Inc.

Furthermore, "fees for pro hac vice admission are not taxable in light of the Supreme Court's decision in *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 573, 132 S.Ct. 1997, 182 L.Ed.2d 903 (2012). *Taniguchi* emphasized that section 1920 must be narrowly construed." *Canter v. AT&T Umbrella Benefit Plan No. 3*, 33 F.4th 949, 959 (7th Cir. 2022) (further noting the Ninth Circuit came to the same conclusion with respect to pro hac vice fees in *Kalitta Air L.L.C. v. Central Texas Airborne System Inc.*, 741 F.3d 955 (9th Cir. 2013)). *See also In re Tara Retail Grp., LLC,* 636 B.R. 439, 460 (Bankr. N.D.W. Va. 2021) (Denying *pro hac vice* fees because they are "an expense of counsel for the privilege of practicing law in this Court.").

---

[22] Additionally, the $1,200 cost of the expedited transcript was excessive. The invoice [ECF 214-1 at 14] shows 100 pages were provided at a rate of $12.00 per page. The court reporter taxes costs of original expedited transcripts at less than half that cost, $5.85 per page [ECF 214-1 at 15].

17

> As Kalitta held, applying that guidance, pro hac vice fees are too distinct from the six kinds of costs enumerated in section 1920 to fall under the statute. The closest analogs are the "[f]ees of the clerk and marshal," see § 1920(1); the other subsections relate to material expenses, like costs of printing and court-appointed experts, arising in the course of litigation. "Fees of the clerk" recalls 28 U.S.C. § 1914, which permits the collection of filing fees and "such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference's fee schedule refers only to a $188 fee for "original admission of attorneys to practice." 28 U.S.C. § 1914, District Court Miscellaneous Fee Schedule #10. And "[o]riginal admission" is quite different from the short-term character of pro hac vice status.

*Canter,* 33 F.4th at 959. *See also*, Steven Gensler, *What costs includes - Pro hac vice fees*, 2 Federal Rules of Civil Procedure Rules and Commentary, § 54:33, (June 2025) Westlaw ("Pro hac vice fees are not recoverable as costs under Federal Rule of Civil Procedure 54(d)").

Thus, the Court here should utilize its discretion and find the attorneys' *pro hac vice* admission fees are not properly taxable as costs pursuant to Rule 54(d)(1) and 28 U.S.C. §1920.

### e. Rough draft of trial transcripts of plaintiffs' experts for total cost of $1,088.85.

Costs of daily transcripts for the convenience of counsel are not taxable as costs under 28 U.S.C. § 1920. Defendant's Bill of Costs [ECF 209 at 5] did not include an invoice for the rough draft of trial transcripts. Defendant's Response [ECF 214 at 2-3] failed to provide adequate justification for the necessity of such rough transcripts. Defendants merely claimed Defense experts needed to know what Plaintiffs' experts testified to, and that the rough transcripts "were also necessary for AHM to prepare dispositive motion arguments." [ECF 214 at 2-3]. Defendant does not tie the immediate need for such rough transcripts to a specific event or deadline; rather, they merely assert that they were necessary. "Assessment of the premium delivery charges of daily transcripts must be for necessity, not just for the convenience of counsel, for those charges to be taxable." *Asphalt Supply & Serv., Inc.,* 75 Fed. Cl. at 602-03. Although the transcripts may have been helpful to defense counsel in preparing for various aspects of trial, rough trial transcripts were not *necessary* in this case.

In addition, the invoice submitted in Defendant's Expense Details show the $1,088.85 charge was for copies of **Realtime** transcripts at an excessive rate of $2.55 per page, far in excess of the charge for even daily copies[23] [ECF 214-1 at 15]. Defendant has failed to show rough trial transcripts of any sort were necessary, let alone Realtime transcripts.

> Moreover, like other costs that may be awarded under § 1920(2), the costs for **realtime** transcription and overnight rough drafts may be awarded only upon a showing that the transcripts were "necessarily obtained for use in the case" and were not obtained primarily for the use of counsel.

*SAS Inst., Inc. v. World Programming Ltd.*, No. 5:10-CV-25-FL, 2016 WL 4995071, at *3 (E.D.N.C. Sept. 19, 2016)(emphasis added). A finding of necessity is a factual finding. *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983). Defendant "offers no explanation as to why these [real time] services were "necessary for use" as opposed to conveniences that do not come within the purview of § 1920. *Exclaim Mktg., LLC v. DIRECTV, Inc.*, No. 5:11-CV-684-FL, 2016 WL 1258776, at *2 (E.D.N.C. Mar. 28, 2016) noting *Cascades Computer Innovation, LLC v. Samsung Elecs. Co*., No. 11 C 4574, 2016 WL 612792, at *4 (N.D. 111. Feb. 16, 2016) (declining to tax the prevailing party's "choice to pay for real-time transcription" because "real-time transcription services are a *convenience*, not a necessity, and the mere fact that the subject matter at issue was complicated is not sufficient to justify these significant expenditures") (emphasis in original). *See also Raynor v. G4S Secure Sols. (USA) Inc.*, No. 3:17CV160-FDW-DSC, 2021 WL 4477074, at *2 (W.D.N.C. Sept. 29, 2021) (Noting

---

[23] *See Transcript Fee Schedule - Rate Per Page*, https://www.scd.uscourts.gov/Court/transcripts.asp (last visited June 25, 2025). Also noting, "A realtime "feed" is the electronic data flow from the court reporter to the computer of each person or party ordering and receiving the realtime transcription in the courtroom."

nontaxable charges being disallowed included daily, expedited, real time or hourly copies of transcripts per rule).

The rough drafts of daily trial transcripts, Realtime or otherwise, of Plaintiff's experts were excessive, unnecessary, and should be excluded from any amount taxed to Plaintiffs.

## **CONCLUSION**

Plaintiffs request that this Honorable Court exercise its discretion to deny Defendant's requests for the claimed expenses in Defendant's Bill of Costs, or in the alternative, to exclude the $46,590.37 (from the claim of $48,447.93 in Defendant's Bill of Costs).

Respectfully submitted this the 7th day of July,

By: *s/ Kevin R. Dean*
Kevin R. Dean *(Fed. I.D.:  8046)*
Lee M. Heath *(Fed. I.D.:  9794)*
Marlon Kimpson, Esq. *(Fed I.D.: 17042)*
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Phone: (843) 216-9000
kdean@motleyrice.com
lheath@motleyrice.com
mkimpson@motleyrice.com

Luther J. Battiste, III, Esq.
**JOHNSON TOAL & BATTISTE, P.A.**
1615 Barnwell St.
Columbia, South Carolina 29202
Phone: (803) 252-9700
bat@jtbpa.com

*ATTORNEYS FOR PLAINTIFFS*