IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| James M. Assey, Joan P. Assey, ) | Case No. 3:22-cv-02647-JDA |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| American Honda Motor Co., Inc., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant American Honda Motor Company ("AHM")'s motions to partially redact publicly available transcripts. [Docs. 252; 254]. In particular, AHM "requests the limited and tailored redaction of testimony that discusses the details of Honda's testing and evaluation protocols for the subject model year 2020 Honda Odyssey." [Docs. 252 at 1; 254 at 1.] The parties have filed responses and replies [Docs. 257; 258; 259; 260], and the motions are now ripe for review. For the reasons stated herein, the Court denies AHM's motions.

## BACKGROUND

Plaintiffs commenced the present product liability action on August 11, 2022. [Doc. 1.] The Court entered Confidentiality Orders on January 23, 2024, and February 23, 2024, wherein the parties stipulated that certain discovery materials should be classified as confidential. [Docs. 66; 70.]

The case proceeded to trial. On May 15, 2025, a jury returned a verdict in favor of AHM, finding that Plaintiffs did not "prove by a preponderance of the evidence that when [AHM] distributed the 2020 Honda Odyssey for sale, the design of the vehicle's driver's seat, including the head restraint, was defective and rendered the 2020 Honda Odyssey

unreasonably dangerous[]."  [Doc. 203.]  Accordingly, the Court entered judgment in favor of AHM.  [Doc. 208.]

From July 24, 2025, to September 2, 2025, the court reporters docketed official transcripts of the jury trial.  [Docs. 217; 218; 219; 220; 221; 222; 233; 234; 235; 236; 237; 238; 241; 242; 243; 244; 245; 246.]  The court reporters notified the parties of the respective deadlines for filing notices of intent to request redaction (seven calendar days) and redaction requests (21 calendar days).  [Docs. 217; 218; 219; 220; 221; 222; 233; 234; 235; 236; 237; 238; 241; 242; 243; 244; 245; 246.]

On July 31, 2025, AHM filed a notice of intent "to request redaction of personal data identifiers and/or confidential business information from the electronic transcripts of the court proceeding filed July 24 and 25, 2025."  [Doc. 223.]  On August 14, 2025, AHM filed a motion to partially redact trial transcripts located at Docket Entry Numbers 217, 218, 219, 220, 221, and 222.  [Doc. 225.]  On August 28, 2025, Plaintiffs filed objections to AHM's notice of intent to request redaction.  [Doc. 240.]  However, Plaintiffs did not oppose AHM's motion to redact.  Consequently, the Court granted AHM's motion as unopposed.  [Doc. 250.]

On September 9, 2025, AHM filed a notice of intent "to request redaction of personal data identifiers and/or confidential business information from the electronic transcripts of the court proceeding filed September 2, 2025."  [Doc. 248.]  On September 17, 2025, and September 23, 2025, AHM filed motions to partially redact transcripts located at Docket Entry Numbers 237, 241, and 244.[1]  [Docs. 252; 254.]  In support of

---

[1] As Plaintiffs point out, the notice of intent to request redaction "shows [AHM] seeks redaction of transcripts filed September 2, 2025, while [one of the motions to redact] concerns a transcript filed August 28, 2025."  [Doc. 257 at 1 n.1.]

2

the motion, AHM avers the testimony it seeks to redact concerns "the details of Honda's testing and evaluation protocols for the subject model year 2020 Honda Odyssey" and derives from "documents that were produced subject to the Confidentiality Order entered in this case." [Doc. 252 at 1; Doc. 254 at 1.] To this end, AHM identifies specific page and line numbers for each redaction request. [Docs. 252 at 3; 254 at 3; *see also* Docs. 253; 255; 256 (redacted transcripts).]

Plaintiffs filed responses in opposition to the motion on October 1, 2025, and October 7, 2025. [Docs. 257; 258.] Principally, Plaintiffs argue AHM waived its right to seek redaction because it did not raise the issue at trial. [Docs. 257 at 1; 258 at 1.] Moreover, Plaintiffs argue the common law and First Amendment support a "strong presumption of public access to judicial records." [Docs. 257 at 2; 258 at 2.] That said, Plaintiffs do not appear to claim any potential prejudice from the requested redaction. [*See generally* Docs. 257; 258.]

AHM filed replies on October 8, 2025, and October 14, 2025. [Docs. 259; 260.] The motions are now ripe for review.

## APPLICABLE LAW

**Motions to Seal**

"[B]efore a district court may seal any court documents, . . . it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

Relatedly, according to Local Civil Rule 5.03(A), D.S.C.,

3

> A party seeking to file documents under seal shall file and serve a "Motion to Seal" accompanied by a memorandum, *see* Local Civ. Rule 7.04 (D.S.C.), and the attachments set forth . . . in (B) and (C).[2]  The memorandum shall (1) identify, with specificity, the documents or portions thereof for which sealing is requested; (2) state the reasons why sealing is necessary; (3) explain (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (4) address the factors governing sealing of documents reflected in controlling case law. *E.g.,* [*Ashcraft*, 218 F.3d at 302]; *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

(Footnote added.)

**Common-Law versus First Amendment Right of Access**

"When presented with a sealing request, [the Fourth Circuit's] right-of-access jurisprudence requires that a district court first determine the source of the right of access with respect to each document." *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (internal quotation marks omitted).

The public possesses a common-law presumptive right of access to *all* judicial records and documents. *Nixon v. Warner Commc's, Inc.*, 435 U.S. 589, 597 (1978). However, the Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984); *see also Nixon*, 435 U.S. at 598 ("It is uncontested . . . that the right to inspect and copy judicial records is not absolute.").  Specifically, a party seeking to seal a document subject to the common-law

---

[2] Subsection (B) requires "(1) a non-confidential, descriptive index of the documents at issue and (2) counsel's certification of compliance with [Local Rule 5.03]."  Subsection (C) requires "[a] separately sealed attachment labeled 'Confidential Information to be Submitted to Court in Connection with Motion to Seal' . . . submitted with the motion."

right of access must "show[] that countervailing interests heavily outweigh the public interests in access." *Pub. Citizen*, 749 F.3d at 266 (internal quotation marks omitted).

"By contrast, the First Amendment secures a right of access only to particular judicial records and documents, and, when it applies, access may be restricted only if closure is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest." *Id.* (cleaned up); *see also In re United States for an Order Pursuant to 18 U.S.C. Section 2703(D),* 707 F.3d 283, 290 (4th Cir. 2013) ("The distinction between the rights of access afforded by the common law and the First Amendment is significant, because the common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." (internal quotation marks omitted)).

Relevant here, the more rigorous First Amendment test applies to trial transcripts. To the undersigned's knowledge, the Fourth Circuit has not spoken squarely on this issue, but it has nevertheless held that the First Amendment right of access attaches to summary judgment pleadings because "summary judgment adjudicates substantive rights and *serves as a substitute for a trial*." *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) (emphasis added); *see also id.* at 253 n.4 ("'[H]istorically both civil and criminal trials have been presumptively open.'" (quoting *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 580 n.17 (1980))); *Pub. Citizen*, 749 F.3d at 267 (concluding the First Amendment right of access extends to a judicial opinion ruling on a summary judgment motion).

5

**Confidential Business Information**

In certain circumstances, non-governmental parties may assert private interests sufficient to outweigh the First Amendment right of access. Relevant here, "[t]he interest in preserving the confidentiality of sensitive business information can be sufficiently compelling to overcome the public's First Amendment right of access." *Warner v. Midland Funding, LLC*, No. 18-CV-727, 2021 WL 3432556, at *7 (M.D.N.C. Aug. 5, 2021); *see also Pub. Citizen*, 749 F.3d at 269 ("A corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records."); *Woven Elecs. Corp. v. Advance Grp., Inc.*, No. 89-1580, 1991 WL 54118, at *6 (4th Cir. 1991) (unpublished) ("[P]artial sealing strikes an appropriate balance between the public's right of access to judicial records and proceedings and the parties' legitimate interest in the protection of sensitive proprietary information."); *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 661–62 (8th Cir. 1983) (concluding that the presence of trade secrets may justify the closure of a hearing).

Given the magnitude of the interests protected by the First Amendment, the Fourth Circuit does not endorse "a blanket rule that the presence of trade secrets will in every case and at all events justify the closure of a hearing or trial" or the sealing of documents. *Woven Elecs. Corp.*, 1991 WL 54118, at *6. To this end, "courts must proceed cautiously and with due regard to the unique facts involved in each case." *Id*.

> To determine whether motions to seal based on claims of confidential business information should be granted, a court first decides whether the party has shown that the information sought to be sealed is confidential; if it is, the court evaluates whether disclosure would harm the party's competitive standing or otherwise harm its business interests; whether the motion is narrowly tailored; and whether the interests in non-disclosure are compelling and heavily outweigh the public's

>  interest in access to the information.  In weighing these competing interests, the Court considers, among other things, whether the public needs access to the information to understand the case and the degree of harm that disclosure would likely cause.

*Put Corp. v. R. J. Reynolds Tobacco Co.*, No. 1:22-CV-881, 2023 WL 3892482, at *2 (M.D.N.C. Jan. 9, 2023).

## **DISCUSSION**

As previously noted, Plaintiffs argue that AHM waived any right it had to seal portions of the record.  The Court agrees.

"It is a well-established principle of American jurisprudence that the release of information in open trial is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its further use."  *Glaxo Inc. v. Novopharm Ltd.,* 931 F. Supp. 1280, 1301 (E.D.N.C. 1996) (internal quotation marks omitted), *aff'd,* 110 F.3d 1562, 1572 (Fed. Cir. 1997) .  Accordingly, "[n]otwithstanding the need to weigh the competing interests when an effort is made to seal a document [or testimony] *in advance of or contemporaneously with* its use or filing with a court, an entity seeking to seal such document [or testimony] *after* its use or admission can be held to have waived its right to assert a continuing interest in the document [or testimony] in opposition to the presumptive right of access."  *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 583 (E.D. Va. 2009); *see also In re Time, Inc.*, 182 F.3d 270, 272 (4th Cir. 1999) ("[T]he need for review of sealed documents is moot to the extent they have been disclosed during trial."); *Benedict v. Hankook Tire Co.*, 323 F. Supp. 3d 747, 758 (E.D. Va. 2018) (noting that "the waiver doctrine applies to *testimony* that was not sought to be protected at trial"); *United States*

7

*v. Cousins*, 858 F. Supp. 2d 614, 618–19 (E.D. Va. 2012) ("If the government had significant concerns for the safety of the witnesses in this case based on *the content* of their testimony, a request to protect or seal their testimony should have come before, or at least during, trial in this case.  Instead, the request came at the 'twelfth hour.'  At this late stage, more than ten months after testimony was given without restriction at public trial, the court cannot undo any potential impact of public disclosure of this information.") (footnotes omitted).

Relevant here, a party's disclosure of information in open court may result in waiver even if such information was previously subject to a protective order.  *See Rushford*, 846 F.2d at 254 ("The reasons for granting a protective order to facilitate pre-trial discovery may or may not be sufficient to justify proscribing the First Amendment right of access to judicial documents"); *Littlejohn v. BIC Corp.*, 851 F.2d 673, 680 (3d Cir. 1988) ("[W]e hold that BIC's failure to object to the admission into evidence of the documents, absent a sealing of the record, constituted a waiver of whatever confidentiality interests might have been preserved under the [protective order]."); *Benedict*, 323 F. Supp. 3d at 758 (noting that "the [waiver] doctrine applies to materials that were previously sealed"); *Certusview Techs., LLC v. S & N Locating Servs., LLC*, 198 F. Supp. 3d 568, 588 n.12 (E.D. Va. 2016) ("The parties . . . have referred to the contents of a number of . . . sealed documents throughout their unredacted filings, post-trial briefing, and in open court during the bench trial of this matter. Further, several such sealed documents were entered into evidence and the public record during the bench trial. Therefore, to the extent that the parties have discussed the contents of these sealed documents in their filings, briefings, and in open

court, or have entered such documents into evidence, the Court considers the parties' arguments regarding the need for such information to be sealed to have been waived.").

The Court finds the waiver doctrine applicable in the present case. Although AHM asserts the testimony it seeks to seal derives from "documents that were produced subject to the Confidentiality Order entered in this case" [Docs. 252 at 1; 254 at 1], "the fact that information was previously covered by sealing Orders and/or the Protective Order does not prevent waiver," *Benedict*, 323 F. Supp. 3d at 761. Moreover, "[AHM] knew of the confidential nature of the information to be presented at trial" but "did not ask that the courtroom be closed[,] . . . did not request that observers be ordered not to reveal what they heard[,] . . . did not avoid discussing confidential topics or seek to prevent Plaintiff from doing so in open court[,] and . . . did not apprise the Court of any confidentiality concerns." *Id.* Accordingly, AHM has waived its right to seek redaction of the trial transcripts at this late stage.[3]

---

[3] Regarding the Fourth Circuit's public notice requirements, AHM filed its motions on September 17, 2025, and September 23, 2025, respectively, so the motions have been on the docket for over a month. [*See* Docs. 252, 254]; *see also Mears v. Atl. Se. Airlines, Inc.*, No. 5:12-CV-613-F, 2014 WL 5018907, at *2 (E.D.N.C. Oct. 7, 2014) ("The filing of a litigant's motion to seal . . . is sufficient to provide public notice and opportunity to challenge the request to seal."). Accordingly, the public received adequate notice of the motions to seal.

Because AHM waived its right to seek redaction, the Court need not weigh the competing interests at issue or consider the availability of less drastic alternatives. *See Level 3*, 611 F. Supp. 2d at 591–92; *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Moreover, the Court need not determine whether AHM met the requirements of Local Civil Rule 5.03, D.S.C.

## **CONCLUSION**

For the foregoing reasons, AHM's motions to redact the identified trial transcripts [Docs. 252; 254] are DENIED.

In accordance with this ruling, the Court also reconsiders and vacates its previous Order dated September 12, 2025. [Doc. 250.] *See Miles v. Ruby Tuesday, Inc.*, 799 F. Supp. 2d 618, 622 (E.D. Va. 2011) ("[E]ven where . . . all of the litigants support the motion to seal, and even where a public hearing on the question does not bring forth anyone to assert the right of access, a court must still engage in a careful deliberation on the issue."); *P&G v. Bankers Tr. Co.*, 78 F.3d 219, 222, 225 (6th Cir. 1996) (parties may not unilaterally determine whether documents merit sealing); *cf. Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (holding that an interlocutory order may "be reviewed by the district court on motion or *sua sponte*, at any time prior to the entry of final judgment").[4] AHM's motion to redact [Doc. 225] is now DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

November 19, 2025
Columbia, South Carolina

---

[4] In the appeals context, "a postjudgment proceeding . . . must be viewed as a separate lawsuit from the action which produced the underlying judgment." *In re Joint E. & So. Dists. Asbestos Litig.*, 22 F.3d 755, 760 (7th Cir. 1994). "Only if a postjudgment order is apparently the last order to be entered in the action is it final and appealable." *Mayer v. Wall Street Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012) (per curiam) (internal quotation marks omitted). Here, the Court ruled on AHM's first motion to redact on September 12, 2025, three days after AHM filed its second notice of intent to request redaction. [Docs. 248, 250.] Accordingly, the Court's Order located at Docket Entry Number 250 was apparently not final. *See Mayer*, 672 F.3d at 1224 (determining that the post-judgment litigation was still ongoing where a "fee motion . . . remain[ed] outstanding" and dismissing the appeal for lack of jurisdiction). It follows that the Court may revisit a non-final, post-judgment Order.